[Crim. No. 480.   Department Two.—March 15, 1899.]

THE PEOPLE, Respondent, v. R. A. BIRD, Appellant.

CRIMINAL LAW—FORGERY OF CHECK—EVIDENCE—OTHER FORGERIES—BURDEN OF PROOF.—Upon the trial of a defendant charged with the forgery of a check, where there is a conflict of evidence as to the genuineness of the check, the prosecution assumes the

burden of proof to connect the defendant with other forgeries to show guilty knowledge; and evidence of other forgeries of checks is not admissible, where there is no evidence tending to connect the defendant therewith, other than the suspicion arising from the fact that defendant was the confidential clerk of the prosecuting witness, who did not testify to a knowledge of the defendant's handwriting, and based his opinion that defendant wrote the checks upon the fact that he did not recollect drawing them, and thought the money had not been used in his business.

ID.—FINDING OF CHECK IN DESK—INCOMPETENT EVIDENCE.—Evidence that a blank check to which the name of the prosecuting witness appeared to be signed was torn up by him and thrown in the waste basket long after the defendant was arrested, and that it was afterward found in a square desk said to be occupied by the defendant, without further evidence connecting the defendant with the blank or the desk, is incompetent, and its admission is erroneous.

ID.—ENLARGED PHOTOGRAPHS—EXAMINATION OF PROSECUTING WITNESS—DISCRETION.—It is matter within the discretion of the court to require the prosecuting witness to point out upon enlarged photographs the difference between his signatures alleged to have been forged and those admitted to be genuine.

ID.—GROUNDS OF OPINION.—A witness may be permitted to state the grounds of an opinion to which he has testified; and such statement is not objectionable as being necessarily argumentative.

ID.—HOSTILITY OF PROSECUTING WITNESS.—The defendant should be permitted to prove that the prosecuting witness had endeavored to persuade one of the sureties on his bail bond to withdraw, as tending to show a degree of hostility and persecuting spirit on the part of the witness, which, in the opinion of the jury, might affect the value of his evidence. The fact that it already appeared that the prosecuting witness was hostile could not supply the place of such proffered testimony.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. B. N. Smith, Judge.

The facts are stated in the opinion of the court.

C. W. Pendleton, Edwin A. Meserve, and J. L. Copeland, for Appellant.

W. F. Fitzgerald, Attorney General, and Charles H. Jackson, Deputy Attorney General, for Respondent.

TEMPLE, J.—Defendant appeals from a judgment upon a verdict convicting him of forgery, and from a refusal of a new trial. Defendant was employed as clerk by G. J. Griffith, and is prosecuted for forging his employer's name to a check on the First National Bank of Los Angeles for two hundred dollars, with intent to defraud Griffith and the bank.

It was proved that defendant presented the check to the bank and obtained the money thereon, and Griffith testified that he, the witness, did not draw the check and had not authorized defendant to do so; and, further, that the money drawn was not used by him, Griffith, or for his benefit. On the other hand, Grove, the bank teller who paid the check, and Mr. Hammond, the assistant cashier of the bank, both testified that in their opinion the check was genuine.

There being, then, a conflict as to whether the check was genuine or not, the prosecution introduced a number of checks, drawn in the name of Griffith on the same bank, which he swore were forgeries, and had been paid, to his damage in the sum of about twelve hundred and fifty dollars. There was no evidence whatever tending to connect Bird with these forgeries—if they were such. A suspicion may have been suggested that as Bird had drawn the money upon one check, alleged to have been forged, he probably was guilty of the other forgeries, and had been systematically committing such forgeries. As he was the confidential clerk of the prosecuting witness, suspicion would more naturally attach to him.

If proof had been forthcoming to show the connection of defendant with these other checks which were said to have been forged, still such coincidence is not admissible to prove the *corpus delicti*, but only after that has been established to show guilty intent. And the prosecution assumed the same burden of proof as to each of the checks introduced to show guilty knowledge as in regard to the check for which he is being tried. (*People v. Whiteman*, 114 Cal. 338.)

As to some of these checks Griffith testified that he believed the signature to be Bird's signature—meaning, perhaps, that he believed that Bird signed his, the witness', name. He does not say that he knew Bird's handwriting, or why he believed that Bird wrote it. Indeed, there is much to show that his opinion

resulted simply from the fact that he did not recollect drawing the check, and thought the money had not been used in his business.    There can be no doubt that the evidence was improperly admitted.

Griffith was allowed to testify that he had been handed a blank check to which his name appeared to have been signed, which blank he immediately tore up and threw into the waste basket.    Upon objection being made, the district attorney stated that he would follow it by testimony showing where it was found.    This occurrence was long after defendant had been arrested, and it was not proposed to show that Griffith's name had been signed to the blank by Bird, or that Bird had ever seen it, otherwise than by showing where it was found.    Afterward one Hoyle was sworn and testified, under objection, that he examined the contents of a square-top desk "said" to be the desk occupied by Bird, and found among them the blank check in question. When he found it, or in whose custody the desk had been, or whether others occupied it as well as Bird—if it can be assumed that Bird did occupy it—was not shown.    There was no other testimony connecting Bird with the blank, or with the desk. The evidence was clearly incompetent.

There are some other alleged errors, but of less consequence than those already alluded to, and which do not call for extended notice.    I think it was a matter within the discretion of the court whether Griffith should have been required to point out upon the enlarged photographs the difference between the signatures alleged to have been forged and those admitted to be genuine.    The court also properly excluded evidence as to what Hammond said to Griffith as to one of the checks, but I think that Gibson should have been permitted to state the grounds of an opinion to which he had testified, and am unable to appreciate the objection that it was argumentative; also that the defense should have been permitted to prove that Griffith—the prosecuting witness—had endeavored to persuade one of the sureties on defendant's bail bond to withdraw.    The fact that it already appeared that Griffith was hostile did not supply the place of the proffered testimony.    If true, such evidence would tend to establish a persecuting spirit, and a degree of hostility which, in the opinion of the jury, might affect the value of his evidence.

The judgment and order are reversed and a new trial ordered.

Henshaw, J., and McFarland, J., concurred.