### El Pueblo *v.* Abreu.

Apelación procedente de la Corte de Distrito de Mayagüez.

No. 50.—Resuelto en febrero 2, 1904.

Apelación—Alegaciones del Apelante.—Las alegaciones que se hagan ante el tribunal de apelación deben estar plenamente justificadas en los autos del caso, pues de lo contrario no pueden merecer consideración alguna.

Nuevo Juicio.—Las resoluciones denegatorias de nuevo juicio deben expresar el fundamento de la negativa, pero la omisión de consignarlo no perjudica al acusado en cuanto a algún derecho sustancial, ni es motivo que justifique la revocación de la resolución y la concesión de un nuevo juicio.

Id.—El hecho de que el Fiscal dirija una pregunta a un testigo y el juez la admita con la oposición y excepción de la parte contraria, no es causa reconocida por el artículo 303 del Código de Enjuiciamiento Criminal para solicitar la celebración de un nuevo juicio.

Apelación.—En una apelación interpuesta solamente contra la resolución denegatoria de un nuevo juicio, no podrá considerarse ninguna objeción contra la validez de la sentencia.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. del Toro, Fiscal.*

La parte apelante no compareció.

El Juez Asociado Sr. Figueras, emitió la siguiente opinión del tribunal:

Se trata de una causa por jurado en la que recayó veredicto "de culpabilidad con todas las circunstancias atenuantes." Los hechos en que se funda la acusación son los siguientes:

"El citado Facundo Abreu Cabán, en la tarde del día diez y seis del corriente mes en el término municipal de Aguadilla que forma parte de este districto judicial, y en ocasión en que se encontraba en la casa-tienda de Fermín Valentín, tuvo un disgusto de palabra con Benito Pumarejo y como consecuencia del mismo, en un arrebato de cólera, sacó un cuchillo que portaba en el cinto, y con él asestó una puñalada al Pumarejo, infiriéndole una herida en la región supraclavicular izquierda, de la que falleció momentos después. Este hecho es contrario a la ley para tal caso prevista, y a la paz y dignidad de El Pueblo de Puerto Rico." (*)

No se presentó ningún escrito de excepción en forma en el acto del juicio, y el acusado, que es el recurrente, no se ha personado ante este tribunal por sí ni por medio de Abogado. Pero por medio de su abogado Sr. F. José Ramón Freyre, después del veredicto y antes de la sentencia, solicitó del tribunal de Mayagüez un nuevo juicio, citando en apoyo de esta pretensión los párrafos 4°., 5°. y 6°. del artículo 303 del Código de Enjuiciamiento Criminal; pero en modo alguno consta en los autos que el veredicto se obtuviese por suerte, o por cualquiera otro medio que no fuera una expresión verdadera de la opinión de todos los miembros del jurado, ni que el tribunal hubiera informado erróneamente a éste sobre algún punto de derecho, o se hubiera equivocado en la decisión de alguna cuestión surgida durante la sustanciación del juicio. Esas afirmaciones están destituídas de toda comprobación en los autos, y en tales condiciones no hay términos hábiles para entrar a considerar esos extremos. La forma empleada para negar el nuevo juicio ha sido

también combatida por el defensor, pero si bien es cierto que es deficiente, porque debió contener el fundamento de la negativa, no hay precepto alguno en la ley que obligue a adoptar una forma determinada, y por otra parte, ese defecto de ritualidad procesal no sería suficiente para acceder hoy, por ese solo hecho, al nuevo juicio que se solicita, porque esa deficiencia ni ha perjudicado, ni tiende a perjudicar al acusado, en cuanto a algún derecho sustancial. Artículo 461 del Código de Enjuiciamiento Criminal. El Fiscal en el acto del juicio preguntó al testigo Fermín Valentín "si ante el juez de paz había declarado que Abreu le había dicho que él y Pumarejo habían quedado desafiados." La defensa se opuso a esta pregunta, el juez la admite, y el testigo manifiesta que "así lo declaró" y se consigna en el acta solamente que el abogado toma excepción y sobre esto se llama la atención por el letrado para robustecer la pretensión de un nuevo juicio, pero esa causa no está comprendida en ninguna (*) de las que expresa el artículo 303 del Código de Enjuiciamiento Criminal. En cuanto a que el veredicto fué contrario a derecho o a las pruebas a que se refiere el párrafo 6º. del artículo 303 del Código de Enjuiciamiento Criminal, que es el principal argumento aducido por la defensa, hay que tener en cuenta que se trata de un delito de homicidio, castigado según el artículo 204 del Código Penal; y al declarar el veredicto culpable al acusado, hay que suponer que el jurado no encontró justificado el homicidio, porque las circunstancias concurrentes no fueron bastantes para excitar el temor de una persona razonable, ni consideraron que Facundo Abreu y Cabán obrase solamente bajo la influencia de dicho temor, según así se prescribe en el artículo 210 del Código Penal; y quizás juzgó que la muerte de Pumarejo fué a consecuencia de un desafío que tuvo con Abreu, según la declaratoria de Fermín Valentín, que es el principal testigo de cargo. Pero si se entiende que la pena es excesiva, puesto que el veredicto recomendó todas las circunstan-

cias atenuantes, esto sería impugnar la sentencia, que es donde se contiene el castigo para el culpable, pero contra ella no se ha interpuesto recurso de apelación. No hay, por tanto, razón que justifique la celebración de un nuevo juicio y es de opinión el ponente que debe desestimarse la solicitud y confirmar la resolución del tribunal de Mayagüez de 3 de octubre del año anterior, que negó tal pretensión.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asóciados Hernández y MacLeary.

El Juez Asociado Sr. Sulzbacher no formó tribunal en la vista de este caso.(*)