[Crim. No. 799. Second Appellate District, Division Two.—February 11, 1922.]

THE PEOPLE, Respondent, v. E. A. HUTCHINGS et al., Appellants.

[1] CRIMINAL LAW—LARCENY BY TRICK AND DEVICE—CONVICTION—APPEAL—PREJUDICIAL ERRORS—BURDEN OF PROOF.—An appellant, to be relieved from the effect of a judgment, must show not only that there was error in some step leading to its rendition, but that the error was prejudicial; and on this appeal from the judgment of conviction of larceny by trick and device, in which the appellant relied on a partial failure of proof as to the fact that the telephone instrument pretended to be used was a dummy, unconnected with wires leading to the outside world, there was no showing by appellant that without that proof there was no case made to the jury from which, properly, they might have inferred his guilt and declared it by their verdict.

[2] Id.—Extrajudicial Misconduct of District Attorney—Motion for New Trial—Affidavits—Appeal.—Where after the hearing of a cause has been recessed and after the trial judge has left the bench, but while the courtroom contains many of the spectators to the trial and some of the members of the jury, the district attorney commits an assault upon counsel for defendant, because of a question by the latter during the course of the trial which was a reflection upon his integrity, and the only record of the occurrence is contained in affidavits presented to the trial court on a motion for a new trial, the alleged misconduct of the district attorney cannot be reviewed on an appeal from the judgment of conviction.

[3] Id.—Character of Larceny—Evidence.—In this prosecution, in which the defendant was charged with larceny accomplished through trick and device, by means of a fake stock transaction through a fake stock broker's office, the evidence showed that the case was not one of "straight" larceny, as contended by defendant, but one of plain bunco-steering—larceny by trick and device.

[4] Id.—Evidence of Similar Offenses—Incompleteness of—Failure to Request Ruling by Trial Court—Waiver of Error.—Before a trial court can be charged with the commission of error in receiving evidence of other similar offenses, because of the incompleteness of such evidence to prove the commission of such other offenses, the trial court must be allowed the opportunity, in some appropriate fashion, as by a motion to strike, to pass upon the sufficiency of the body of the evidence claimed by the prosecuting officer to amount to adequate proof of other offenses similar in character to the one under investigation.

[5] Id.—Larceny of Cashier's Check — Instructions.—Where the indictment charged the larceny of lawful money of the United States, being the personal property of a certain individual, and the evidence showed that the offense of the defendant and his fellow-conspirators was the larceny of a cashier's check, but there was no contention that the evidence failed to show that the conspirators did not convert the cashier's check into cash, the trial court did not commit error by refusing to instruct the jury that the larceny of a check is not the larceny of money and that they must acquit defendant unless they found from the evidence that the check, if presented to the bank, would have been charged against the account of the owner thereof.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank R. Willis, Judge. Affirmed.

3. Obtaining possession of property by trick or fraud with intent to steal as larceny, note, 8 Ann. Cas. 287.

The facts are stated in the opinion of the court.

Paul W. Schenck and Richard Kittrelle for Appellants.

U. S. Webb, Attorney-General, and Arthur Keetch, Deputy Attorney-General, for Respondent.

WORKS, J.—Defendants, by indictment of the grand jury, were charged with the larceny of fifty thousand dollars from one Norris. Trainor and Patterson were never apprehended, but Hutchings was tried and convicted. He appeals from the judgment of conviction.

The larceny charged against appellant and his co-conspirators was accomplished through trick and device, by means of a fake stock transaction through a fake stock broker's office. [1] Appellant contends that the evidence fails to support the verdict of guilty, because of the alleged insufficiency of certain testimony introduced for the purpose of showing that a telephone instrument pretended to have been used by the broker in his office was a dummy, that is, that it was unconnected with wires leading to the outside world. A number of witnesses were called to establish the point, but appellant's insistence is that the subject was not entirely covered and that a reversal of the judgment on that account must follow. In support of his position appellant relies upon *People* v. *Byrnes,* 27 Cal. App. 79 [148 Pac. 944]. That case was one in which proof of the nonexistence of a certain alleged telephone connection with a telephone exchange was a necessary link in the chain of evidence. Appellant does not show us that such a condition exists in the present case. Granting that there was a partial failure to prove that no telephone wires ran into the alleged broker's establishment—and a failure of proof in that regard is all that is claimed—there is no showing that without that proof there was no case made to the jury from which, properly, they might have inferred appellant's guilt and declared it by their verdict. Further, it appears from appellant's own statement of the facts proved at the trial and relied upon by the prosecution that the alleged fake telephone was used, during the bunco-steering of Norris, but once, and then for an inconsequential and immaterial purpose. In presenting this point counsel made no attempt

to satisfy the well-known rule that an appellant, to be relieved from the effect of a judgment, must show not only that there was error in some step leading to its rendition, but that the error was prejudicial. In respect of this point the evidence was sufficient to support the verdict.

[2] Appellant's next contention is that certain unusual conduct of the district attorney makes necessary a reversal of the case. During the trial the principal counsel for appellant addressed to a witness a question which without doubt was a reflection upon the integrity of the officer. The latter at once made strenuous objection to the query on the ground that it reflected upon him, a course which was entirely proper, at least until the court could be satisfied that the question was propounded in good faith. Not content, however, with this legitimate discharge of his duty, the district attorney awaited an opportunity later to take more decided action in the premises. As soon as the trial judge had left the bench at the time for the next recess of the court, but while the courtroom contained many who were spectators at the trial, and in the presence of some of the members of the jury, the district attorney approached the counsel for appellant and committed an assault upon him.

Notwithstanding the unseemly conduct of this public officer, we are precluded from examining the point made by appellant because of it on this appeal. We are to observe that the assault occurred after the hearing of the cause had been recessed and after the trial judge had left the bench. It was therefore an act with which the judge had no opportunity to deal at the time, either by rebuke of the district attorney in the presence of the jury or by way of admonition or instruction addressed to that body. The occurrence was called to the attention of the trial court only by means of a motion for a new trial, the record containing affidavits which were presented in support of the motion and which show the facts we have recited. The grounds upon which a new trial may be demanded in a criminal case are specified in Penal Code, section 1181, and there is not included among them such a ground as was covered by the affidavits presented to the trial court (*People* v. *Amer,* 151 Cal. 303 [90 Pac. 698]). In the case cited there was a reversal of an order granting a new trial on the ground of the misconduct of a district attorney, the misconduct

having been entirely apart from any error of the trial court. The supreme court said, in discussing the point before it, there being, however, no appeal from the judgment in the case, that on an appeal from a judgment misconduct of a district attorney unconnected with error of the trial court could be considered "when presented by a proper record, and the point saved for review by exception." This language was followed by the district court of appeal on a later appeal of the same case (*People* v. *Amer,* 8 Cal. App. 137 [96 Pac. 401]), and the court even went beyond it, as it was said in the opinion, the italics being ours, that "there is no authority whatever in the statute for holding that such misconduct of the district attorney, aside from any ruling of the court in reference thereto, can be properly reviewed on appeal from the judgment *unless it is a ground for a motion for a new trial.*" It is significant to note that, after this decision by the district court of appeal, there was presented to the supreme court a petition for a transfer of the cause to that tribunal and that the petition was denied. Under the authorities noted it is plain to us that such a question as the one now presented cannot be reviewed upon an appeal from the judgment where the only record presenting it is to be found in affidavits attempted to be used upon a motion for a new trial, the question undoubtedly, under the first decision of *People* v. *Amer,* 151 Cal. 303 [90 Pac. 698], not being available upon a motion for a new trial. It must be manifest that, if such a point is not to be considered on motion for a new trial, affidavits attempting to present it for the purposes of such a motion are but so much paper and are not a "proper record" upon which it may be reviewed upon an appeal from the judgment. Respondent asserts, citing *People* v. *Harrington,* 42 Cal. 165 [10 Am. Rep. 296], and *People* v. *Perez,* 9 Cal. App. 265 [98 Pac. 870], that appellant might have availed himself of the misconduct of the district attorney on a motion to set aside the judgment. If that position is justified, appellant then, upon an unfavorable ruling, might have appealed from the order denying his motion (*People* v. *Perez, supra*), thus saving the question. We are not, however, concerned with what appellant *might* have done. What we do hold, following the two opinions in

*People* v. *Amer,* is that in merely offering to us the affidavits which would not have availed him on his motion for a new trial, appellant does not offer us a "proper record" for the consideration of the question presented by him upon an appeal from the judgment. We should not leave this question without mention of the fact that, in *People* v. *Pang Sui Lin,* 15 Cal. App. 260 [114 Pac. 582], it was said of a question like the one now before us, that "The ground herein considered cannot be regarded on the motion for a new trial, but can be reviewed only on an appeal from the judgment," the opinion of the supreme court in *People* v. *Amer* being cited immediately at the end of the quoted passage. The latter part of the statement seems to represent an inaccurate estimate of the effect of the decision of the supreme court in that case. There was no petition for a transfer of *People* v. *Pang Sui Lin* to the supreme court.

Appellant makes the claim that the trial court erred in receiving evidence tending to show that on another occasion he had committed an offense similar to the one involved in the charge against him. This evidence concerned dealings between appellant and one Swanson, and appellant's claim that it was not admissible is based on several grounds. In the first place, it is contended that certain evidence introduced in connection with the Swanson affair is insufficient to prove that telephone and telegraph instruments located in the office through which Swanson dealt had no connection with outside exchanges or wires. This question is exactly like the one first discussed in this opinion and it is effectually concluded by what we there said. Moreover, there is nothing in appellant's brief to indicate that telephone or telegraph instruments were used in connection with the Swanson deal. This circumstance alone completely disposes of the argument presented on the question.

[3] It is insisted by appellant that the evidence shows that if larceny was committed by appellant it was of the ordinary type and not larceny by trick and device. On that account he contends that evidence as to the alleged victimizing of Swanson was not proper in the case, for he says that the rule allowing proof in a given criminal case of offenses similar to the one under investigation does not apply in cases of "straight" larceny. Appellant's conten-

tion that the evidence here shows a case of larceny other
than larceny by trick and device is based upon the fact that
Norris, the complaining witness, testified that appellant
"snatched" from his hand the check representing the money
claimed to have been stolen by the conspirators.  It is true
that Norris did so testify, but it is equally true that appel-
lant's own statement of the evidence in his brief shows that
Norris did not then regard the check as lost, that, in fact,
he expected its return, and that the check was finally lost
to him through the tricks and devices of the conspirators,
many of which were practiced upon him after the seizure
of the check.  According to appellant's statement of the
evidence Norris made no outcry or disturbance when the
check was seized, he made no demand for its return, and he
continued to associate and deal with the conspirators in an
endeavor to consummate the transaction by means of which
he expected that they all would profit.  The case is not one
of "straight" larceny, but one of plain bunco-steering—
larceny by trick and device.

[4]  Another point made by appellant is that where one
is charged with a certain offense, evidence of other offenses
of a like character to prove system and intent can only be
received when such evidence tends to prove completely the
commission of such other offenses.  It is contended that the
evidence concerning the Swanson affair is not sufficient to
satisfy this rule; but if for the sake of argument we admit
the correctness of the statement, although the attorney-
general disputes it, there is still a point which appellant
has not met.  Where the district attorney desires to prove
an offense similar to one under investigation and engages
in an endeavor to do so, it cannot be known whether the
evidence upon the subject is complete until it is all in.
There is usually no place during its introduction at which a
halt may be called on account of its insufficiency until the
district attorney submits all that he has to offer.  The de-
fense may then test the question of the completeness of the
evidence by moving to strike out what has been received,
thus giving the trial court an opportunity to pass upon the
point.  This step appellant did not take.  He allowed the
evidence as to the Swanson affair to go to the jury without
giving the trial judge an opportunity to pass upon its

completeness. If a motion to strike had been made and had been well taken the judge could have granted it and could have instructed the jury to disregard the stricken evidence. In support of his contention that the evidence concerning the Swanson affair was not complete, appellant relies upon *People* v. *Whiteman,* 114 Cal. 338 [46 Pac. 99], and other cases which have followed it, notably *People* v. *Bird,* 124 Cal. 32 [56 Pac. 639], and *People* v. *Byrnes,* 27 Cal. App. 79 [148 Pac. 944]. In all those cases reversals were ordered, there is no doubt, because of the incompleteness of evidence offered to prove offenses similar to those under actual investigation in each case. In both *People* v. *Whiteman* and *People* v. *Bird,* however, the question so presented itself that it could be solved upon objection to particular items of evidence because of the insufficiency of evidence which was preliminary to those items and without the necessity of a motion to strike being presented after all the evidence on the subject was before the court. Each case was upon a charge of forgery and in each case attempts were made to prove other forgeries. Checks, other than those upon which the charges were based, were offered as a part of the evidence of the other offenses and they were objected to on the ground, in *People* v. *Whiteman,* that the offer was not supported by sufficient proof that they were forged, and in *People* v. *Bird,* on the ground that if the checks were forged they were not shown to have been forged by defendant. Here appellant's contention, as we have already indicated, is that the *entire body* of the evidence concerning the Swanson affair is incomplete to show the commission of an offense like unto that with which appellant is charged. *People* v. *Byrnes, supra,* seems to have been based upon a state of affairs similar to that presented here, but the question which we have stated above, that is, that in such a situation a motion to strike is necessary, was not before the court. The attorney-general now raises that question without the citation of authority to support his view and we ourselves have been unable to locate decisions bearing with directness upon the particular subject. In at least two states, however, a rule is in effect which gives the trial court an opportunity to pass upon the completeness of evidence proposed for the purpose of proving a similar offense. (See

*Commonwealth* v. *Robinson,* 146 Mass. 571 [16 N. E. 452];
*State* v. *Hyde,* 234 Mo. 200 [Ann. Cas. 1912D, 191, 136
S. W. 316].)   In the case last cited the supreme court of
Missouri said: "We are of opinion that none of the testi-
mony of other alleged crimes should have been given to the
jury.   Having been admitted, it should have been withdrawn
from their consideration.   We also think that the better
practice would be that the court should, as a preliminary
matter, when the state proposes to offer evidence of other
crimes, either hear the evidence or satisfy itself as to its
character and scope by inquiry of the prosecuting attorney,
and determine whether there is sufficient evidence of the
other alleged crime to justify its submission to a jury. . . .
In a case like this, involving a large amount of testimony
concerning other crimes which would occupy days in presen-
tation, it would be impracticable to give a preliminary hear-
ing to all the details.   In such case the court may properly
be guided by the offer of proof and by such testimony as can
be conveniently presented; enough to satisfy the court that
the evidence is relevant and of sufficient weight to author-
ize its submission to the jury."   While this language an-
nounces the rule that either preliminary proof of other of-
fenses should be made to the trial court, or that it should be
guided, at least in the case of lengthy trials by an offer of
proof, it will be observed that there is matter in the quota-
tion which has some bearing upon the specific question we
are at present endeavoring to solve.   It is remarked that
the evidence as to other offenses "Having been admitted,
it should have been withdrawn from their consideration,"
that is, from the consideration of the jury.   The Missouri
case, then, amounts to this: While a rule is laid down for
the future guidance of trial courts in that state, so far as
the case there under consideration is concerned, the court
expressed the view that the evidence having been received
erroneously, it should have been withdrawn from the con-
sideration of the jury.   Here, strictly speaking, the evidence
now in question was not *received* erroneously, so far as it
went, for in a case like this it is proper to take evidence
of similar offenses for the purpose of showing system and
intent, and, as we have already remarked, objections to
particular items of it could not have been sustained so long

as the items tended toward the desired result; but being *incomplete*, granting again the postulate of appellant that it was incomplete, it should have been withdrawn from the jury, and that could have been done, properly, only pursuant to a motion to strike made by appellant after the evidence upon the subject was all in. At any rate, the reasoning of the two cases cited from Massachusetts and Missouri supports the view that before a trial court can be charged with the commission of error in receiving evidence of other offenses it should be allowed the opportunity, in some appropriate fashion, to pass upon the sufficiency of the body of the evidence claimed by the prosecuting officer to amount to adequate proof of another offense similar in character to the one under investigation.

Returning again to the main point touched upon in the quotation we have made from the opinion in *State* v. *Hyde, supra,* we cannot feel that the rule laid down by the supreme court of Missouri for the future guidance of the trial courts of that state can in every case meet the exigencies of the situations which it is the purpose of that rule to safeguard. It will be remembered that the supreme court there said that the better practice would be, when the state proposes to offer evidence of other crimes, for the trial court, as a preliminary matter, either to hear the evidence, or to ascertain its character and scope by inquiring of the prosecuting attorney, or be guided by the offer of proof and by such testimony as can be conveniently presented, then, if the evidence seems sufficient, to allow it to go to the jury. Under such a practice it surely must sometimes transpire that the evidence finally submitted to the jury will not measure up even to that developed upon a preliminary hearing by the judge, and such a result will follow with great frequency upon a determination of the question of admissibility from mere inquiry of the prosecuting officer or from an offer of proof. In such instances it would not be proper, clearly, to permit the evidence to remain before the jury and a motion to strike would be a correct means through which to take it from their consideration. In the last analysis, then, even under the practice advised in *State* v. *Hyde, supra,* the question of the admissibility of evidence of other offenses, or, rather, the question whether such evidence

should be allowed to remain before the jury, would seem to depend for its settlement upon a motion to strike after the totality of the evidence upon the subject had been heard.

A somewhat cognate situation under our California practice immediately comes to mind in considering the present question. "It is the duty of a trial court to consider, in the first instance, whether a confession was freely and voluntarily made, as a basis for the determination of the question of its admissibility in evidence" (*People* v. *Zarate,* 54 Cal. App. 372 [201 Pac. 955].) How can a solution of such a question be made to depend, where a district attorney is unfolding his proof as to the circumstances under which a confession was made, upon objection to each item of evidence as it is offered, on the ground that it fails to show that the confession was free and voluntary? Obviously, the sufficiency of the evidence presented as a foundation for the offer of a confession cannot be tested until all the evidence claimed as a sufficient foundation is before the court. Equally obviously, if opportunity is not given the court at that stage to pass upon the sufficiency of the foundation, the question is waived and the admissibility of the confession is forever determined. We are of course aware that the question now before us is in a certain respect different from the one just cited as an example, but the two are alike so far as the *principle* now under consideration is concerned. The evidence taken to determine whether a confession is free and voluntary is preliminary to the evidence of the confession itself, while the entire evidence of other offenses is preliminary to nothing whatever, being the evidence which the jury is to consider substantively. The sufficiency of the evidence laying the foundation for a confession cannot be tested until that evidence is all before the court, even though the matter may be settled by an objection to the evidence of the confession. Equally, it seems to us, the question of the completeness of the evidence offered to prove other crimes ordinarily cannot be settled until it is all in, although it cannot be determined by objection. As it cannot be so determined it must be determined on a motion to strike. If it cannot be settled at that time and after that method it cannot be settled at all by the trial court, and a determination on appeal that the evidence

is insufficient fastens upon the trial court the responsibility for reversible error, although it had no opportunity to pass upon the question and therefore really committed no error. Such a result does not ordinarily follow from a proper exercise of its functions by a court of review, for the purpose of an appeal from a trial court is to secure a ruling upon questions which have been considered by that court (*People* v. *Walton,* 53 Cal. App. 35 [199 Pac. 824]). The trial court committed no error in receiving the evidence concerning the Swanson affair and in allowing that evidence to remain before the jury.

[5]   The evidence having shown that the offense of the conspirators was the larceny of a cashier's check and the indictment having charged the larceny of lawful money of the United States, being the personal property of Norris, appellant asked the trial court to instruct the jury, in effect, that the larceny of a check is not a larceny of money and that they must acquit appellant unless they found from the evidence that the check, if presented to the bank, would have been charged against the account of Norris. These requested instructions were refused and appellant assigns the ruling as error. The court is justified in its refusal by the cases of *People* v. *Whalen,* 154 Cal. 472 [98 Pac. 194], *People* v. *Leavens,* 12 Cal. App. 178 [106 Pac. 1103], *People* v. *Arnold,* 20 Cal. App. 35 [127 Pac. 1060], and *People* v. *Crane,* 34 Cal. App. 599 [168 Pac. 377], appellant making no contention that the evidence fails to show that the conspirators did not convert the cashier's check into cash. *People* v. *Crane* has a particular bearing upon the question presented by appellant, and in instructing the jury the trial court carefully followed the doctrine of that case and of the others we have cited with it.

The trial court also refused certain instructions requested by appellant under the law of conspiracy and it is contended that the refusal was erroneous. We can see no reason why the instructions should have been given.

Judgment affirmed.

Finlayson, P. J., and Craig, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 13, 1922, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 10, 1922.

All the Justices concurred.