[Crim. No. 2068. Second Appellate District, Division One.—June 12, 1931.]

In the Matter of the Application of DAISY DE VOE, Petitioner, for a Writ of Habeas Corpus.

Rush & Beirne and William B. Beirne for Petitioner.

Buron Fitts, District Attorney, and Frank W. Stafford, Deputy District Attorney, for Respondent.

HOUSER, J.—In an action in the Superior Court of Los Angeles County, petitioner having been convicted of the crime of grand theft and her motion for a new trial having been denied, she appealed to this court from such order. Thereafter, she having applied to the trial court for probation, on the day when such matter came on for hearing, and prior to the or any public announcement having been made by the judge of the trial court as to his ruling on such application, the defendant asked leave of the trial court to withdraw from its consideration her application for probation— which request was by said court denied. Whereupon, by order of the trial court, the imposition of sentence upon the defendant was suspended, and it was further ordered that the application of the defendant be granted on the condition (among others) that the probationary period of the defendant be and it was fixed at five years on the subordinate condition that for the first eighteen months of such probationary period the defendant be confined in the county jail. In such circumstances, on the application by the defendant, this court granted its writ of *habeas corpus* for the purpose of determining the validity of the order by which the defendant was granted probation.

In substance, it is contended by petitioner that the statute (sec. 1203, Pen. Code) is violative of the provisions of section 13 of article I and of section 4 of article VI of the Constitution, in that by its enforcement it deprives a defendant of

his liberty without due process of law, as well as of his right of appeal from a judgment which should be, but which may not be, pronounced against him. It is the latter assumed consequence of the statute in question to which the principal argument of petitioner herein is directed.

Specifically, with appropriate argument and authority, petitioner attracts attention to the asserted constitutional right of a litigant to appeal from a judgment, as well as to the power inherent in an appellate tribunal to stay the enforcement of such judgment until after a decision may be reached on the merits of the appeal therefrom. Concretely, and as applied to the facts and the situation generally of the instant proceeding, petitioner urges that if the provisions of the statute under which she was ordered confined in the county jail for a period of eighteen months be constitutional, necessarily, pending her appeal, she will be compelled to suffer punishment for the commission of an offense of which she may not be guilty. In other words, that while the question of whether she was legally afforded a fair trial on the charge of which she was convicted is pending and undetermined, she is obliged to suffer at least a part of the penalty for a crime which she never committed; and this principally and basically because, instead of pronouncing a judgment against the defendant and thereafter suspending its execution, the trial judge chose the alternative statutory power conferred upon him (subd. 1, sec. 1203, Pen. Code), and suspended the imposition of any judgment, and thereupon granted probation to the defendant upon the terms hereinbefore mentioned.

Conceding that which appears to have been judicially determined by the courts of this state, to wit: that by constitutional provision the right of appeal from a judgment is guaranteed to any unsuccessful litigant, nevertheless in that connection, as far as concerns the instant matter, the practical question which this court is required to determine is whether by the course pursued by the trial court, the defendant was actually deprived of any of her substantial rights in the premises.

Section 1237 of the Penal Code provides that:

"An appeal may be taken by the defendant:

"1. From a final judgment of conviction;

"2. From an order denying a motion for a new trial; . . ."

The importance herein of such statutory provision becomes apparent when considered in connection with the decisions which have been rendered by the Supreme Court of this state relative to the effect upon the rights of an appealing defendant when he has appealed either from the judgment which has been pronounced against him, or waiving, or at least omitting, that remedial right, has appealed from the order by which his motion for a new trial has been denied.

In the leading case of *Fulton* v. *Hanna,* 40 Cal. 278, 280, it is said:

"Although an appeal from an order denying a motion for a new trial is in a different and distinct line of proceeding from a direct appeal from a judgment, still a reversal on appeal from the order denying a motion for a new trial and remanding the case for retrial, as effectively vacates the judgment as a reversal of the judgment upon a direct appeal therefrom; . . . The fact that a direct appeal from the judgment has been dismissed, certainly does not place the appellant in any different or more unfavorable position in respect to his appeal from the order than he would have occupied had no direct appeal from the judgment ever been taken within the time prescribed by the statute."

And in the opinion in the case of *Credits Commutation Co.* v. *Superior Court,* 140 Cal. 82, 84 [73 Pac. 1009, 1010], the following language appears: " . . . A reversal of an order denying a new trial has the same effect as an order granting a new trial, which is to vacate the judgment. A reversal of a judgment upon a direct appeal has precisely the same effect and no more; it merely vacates the judgment. The relief being in form and substance the same in both cases, an appeal from an order denying a new trial should be held to be, in legal effect, an indirect appeal from the judgment; and thus considered, the rule with respect to a stay of proceedings on such indirect appeal should be the same as upon a direct appeal from the judgment, . . . "

See, also, *Bauder* v. *Tyrrel,* 59 Cal. 99; besides which the provisions of section 1180 of the Penal Code are that:

"The granting of a new trial places the parties in the same position as if no trial had been had . . . "

If in addition to such authority, either by virtue of the decisions by the appellate tribunals of this state, or by legis-

lative enactment, it might appear that each and every question of law affecting a substantial right of a defendant were available to him alike, whether tested on an appeal from an order denying his motion for a new trial, or from a judgment pronounced against him, it would then be apparent that because in the instant case the defendant was deprived of the latter remedy, but had availed herself of the former, no prejudicial error had resulted, and consequently that petitioner herein had no just cause of complaint. But, as an example of a question which under proper circumstances may be raised by an appellant on an appeal from a judgment, but which may not be availed of by him on an appeal from an order denying his motion for a new trial, may be mentioned a specification of error based upon misconduct of the district attorney. (*People* v. *Amer*, 151 Cal. 303 [90 Pac. 698]; *People* v. *Pang Sui Lin*, 15 Cal. App. 260 [114 Pac. 582]; *People* v. *Hail*, 25 Cal. App. 342 [143 Pac. 803]; *People* v. *Hutchings*, 56 Cal. App. 397 [205 Pac. 480].)

Since it is neither impossible nor improbable that in the situation that confronts petitioner with reference to the availability to her of errors assigned in the matter of her appeal from the order denying her motion for a new trial, she has been or will be prevented from presenting for the consideration of the appellate tribunal some question or questions which might have been available to her had she not been precluded from taking an appeal from any judgment that might have been pronounced against her, it is manifest that in and by the action taken by the trial court the defendant may have been deprived of a substantial constitutional right. However, because abstractly it may appear that, over the objection of the convicted defendant, the trial court saw fit to refuse to pronounce judgment upon her, and, in addition thereto, made the order of probation to which petitioner herein objects, it does not necessarily follow that the defendant is now in a position to take advantage of her original constitutional right in the premises. It will be remembered that immediately after her motion for a new trial had been denied, the defendant filed her application for probation, and thus invoked the statutory power of the court for the purpose of relieving herself from suffering the penalty for the crime of which she had been convicted. At the special instance and request of the defendant, the machinery of the discretionary faculty

of the trial court having thus been placed in operation, it so continued until the very instant when the judge of the court was about to render his order with reference to said application, at which time the pending request of the defendant for leave to withdraw her said application for probation was denied.

 No constitutional provision may be found by which a judge is forbidden, in the exercise of a vested discretionary power, to grant probation to a convicted defendant without first imposing sentence upon him. In granting probation to a defendant without the formality of pronouncing sentence and in the same breath suspending its execution, in the absence of an appeal from any judgment being taken by the defendant, the result could have no effect upon his substantial rights. To the contrary, in such circumstances, the failure of the trial court to pronounce a judgment undoubtedly would ultimately relieve the defendant from humiliation and disgrace, and consequently redound to his benefit. The right of the defendant to insist upon judgment being pronounced upon him is but a privilege of which he may avail himself for the purpose of testing on appeal therefrom the question of whether under the Constitution and the general law he has been accorded a fair and impartial trial; but manifestly the defendant may waive his prerogative in that regard. "The rule is universal that a party may waive the benefits specially conferred upon him by statute or constitution." (*People* v. *Ventura Ref. Co.*, 204 Cal. 286, 295 [268 Pac. 347, 351, 283 Pac. 60], and authorities there cited; *Robinson* v. *Bidwell*, 22 Cal. 379, 388; *French* v. *Teschemaker*, 24 Cal. 518, 559.)

In the instant case the defendant is presumed to have had personal knowledge of the law which existed for her benefit. Advised as she was by able counsel, as a matter of fact it hardly could be urged that she was not fully cognizant of every legal right which she possessed. Her motion for a new trial having been denied by order of the trial court, and she having taken an appeal from such order, and at that time, as shown by the record herein, the lapse of the statutory period after the return of the verdict against her before judgment might be pronounced having occurred, it must be presumed that in such circumstances and in anticipation of the immediate performance by the trial court of its then duty

to pronounce judgment against her, the defendant deliberately elected to seek probation and thus to avoid and to waive the possible pronouncement of sentence upon her. ■ Having succeeded in obtaining leave of the court to file her application for probation, which was done forthwith, and, as the record herein discloses, having waited thereafter for a period of eight days, during which time the investigation of her character and reputation was presumably in progress by the probation officers of the court—at the expiration of said period and at a time when within the mind of the trial judge presumably reposed a fairly complete knowledge of the history of the past life of the defendant, and upon which the judge of the trial court was then ready to act—it would appear that the decision of the question of whether in such circumstances the defendant should be permitted to withdraw her application for probation rested within the sound discretion of the trial court.

The position of the defendant was not unlike that of a defendant who has pleaded guilty to a charge preferred against him and thereafter has sought permission of the trial court to withdraw such plea and to substitute therefor a plea of ''not guilty''. Although authority in the court to grant such a request or motion of the defendant is conferred by the provisions of section 1018 of the Penal Code, the authorities are clearly to the effect that ''whether to allow the withdrawal of the plea of guilty, . . . is a matter within the sound discretion of the trial court, and its action must be upheld unless an abuse of discretion is clearly shown''. (7 Cal. Jur. 1000, 1001, and authorities there cited.) ''But the mere fact that the defendant, knowing his rights and the consequences of his act, entered the plea under the hope of leniency presents no ground for the exercise of the discretion of the court.'' (7 Cal. Jur. 1001; 1928 Supplement to same, 583, 584; also 1930 Supplement to same, 367, 368, and authorities respectively there cited.)

It therefore follows that in the exercise of its discretion the trial court was justified in making its order by which the request or motion of the defendant to withdraw her application for probation was denied. ■ The subsequent action of the trial court in granting probation to the defendant must be considered solely as the result of her own

application directed to that end; and, as has been herein-before indicated, considering the particular circumstances in which the court was called upon to act, the application of the defendant for probation constituted a waiver of her right to have judgment pronounced prior to the making of an order granting to her the probation which she sought.

Assuming the correctness of the foregoing statements of the law as applied to the facts herein, the pertinent question still exists as to the legal right of petitioner to invoke the cited constitutional provisions in aid of her position. ■ If the conclusion hereinbefore indicated, to wit, that by her conduct in the premises the petitioner waived any and all right which prior thereto she may have had to the pronouncement of a judgment on her prior to the entry of an order by which she was granted probation be correct, the authorities would seem to be in accord that she is not entitled to raise the question of the constitutionality of the statute under the provisions of which the trial court assumed to act.

In the case of *People* v. *Perry*, 212 Cal. 186 [298 Pac. 19, 22], which is the latest expression on the subject by the Supreme Court of this state, it is said that "it is well-settled law that the courts will not give their consideration to questions as to the constitutionality of a statute unless such consideration is necessary to the determination of a real and vital controversy between the litigants in the particular case before it. It is incumbent upon a party to an action or proceeding who assails a law invoked in the course thereof to show that the provisions of the statute thus assailed are applicable to him and that he is injuriously affected thereby." (Citing authority.)

In the case of *People* v. *Rogers*, 112 Cal. App. 615 [297 Pac. 924], where the defendant was prosecuted for an alleged violation of the law which forbade the possession by anyone of a "blackjack", it was held that no evidence having been produced to the effect that such prescribed property was possessed as a curio by the defendant, he was in no position to question the constitutionality of the statute on the ground "that it prohibited the possession of such an instrument even though kept as a curio".

In the case of *Estabrook Co.* v. *Industrial Acc. Com.*, 177 Cal. 767 [177 Pac. 848], where many authorities are cited

for the rule, the broad statement is made that, "generally speaking, the courts will not consider the constitutionality of a statute attacked by one whose rights are not affected by the operation of the statute".

Applying the principle to the facts herein that, with full knowledge of the consequences of her act, petitioner, as the defendant in the action, by waiving the legal irregularities (if any) in the probation statute and by attempting to accept the benefits which thereunder might accrue to her, placed herself in a position where her ultimate rights were not affected "by the operation of the statute", it follows that she cannot expect this court to determine what would have been the result had the facts been such that, without any application for probation having been made by the defendant, but, contrary to her wishes and over her objection thereto, the trial court had suspended the imposition of sentence upon her and thereupon had made the order regarding the probation of defendant to which petitioner here objects.

It is ordered that petitioner be remanded to custody.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 25, 1931, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 9, 1931.