El Pueblo de Puerto Rico, demandante y apelante, *v.*
Leonides Vega Cedeño, acusado y apelado.

Núm. 13376.—*Sometido:* Noviembre 1, 1948. *Resuelto:* Noviembre 29, 1948.

*Hon. Procurador General Luis Negrón Fernández (José C. Aponte, como Procurador General Interino, en el alegato) y J. Rivera Barreras, Fiscal del Tribunal Supremo, abogados de El Pueblo, apelante; el apelado no compareció.*

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

Los casos seguidos por El Pueblo de Puerto Rico contra Leonides Vega Cedeño por los delitos de asesinato en segundo grado y ataque para cometer asesinato fueron vistos conjuntamente ante la Corte de Distrito de Bayamón. En el primero de ellos el jurado rindió veredicto de homicidio voluntario y en el segundo le absolvió.

Antes de dictarse sentencia a virtud del veredicto de homicidio voluntario rendido en su contra,(1) el acusado radicó moción de nuevo juicio en la cual, en esencia, alegaba

_____

(1)Véase *Pueblo v. Méndez,* 67 D.P.R. 824, 829.

que la única cuestión en controversia en los dos casos era si él había actuado o no en defensa propia; que al rendir veredicto absolutorio en el de atentado a la vida y condenatorio de homicidio voluntario en el de asesinato, el jurado claramente reveló su propósito de hacer una transacción (*bargain*) cuando lo procedente era rendir idénticos veredictos en ambos casos; que esta actuación del jurado se debió a que el fiscal, en su informe directo, había manifestado: "Caballeros jurados, yo ocupo este puesto por la necesidad que tengo del mismo, pero si ustedes absuelven a este acusado yo renunciaré este puesto inmediatamente"; que dichas manifestaciones fueron hechas mientras el fiscal estaba visiblemente emocionado y lloraba copiosamente; y que al proceder así el fiscal inyectó en el caso materias completamente ajenas al asunto que se ventilaba y privó al acusado de ser juzgado por un jurado imparcial. La moción de nuevo juicio estuvo acompañada de sendas declaraciones juradas suscritas por dos de los tres letrados que intervinieron en el caso a favor del acusado. En ellas declaraban que el fiscal había hecho al jurado las manifestaciones que aparecen más arriba entre comillas.

Contestó el fiscal por escrito a la moción de nuevo juicio, negó rotundamente las alegaciones de la misma y en cuanto a las manifestaciones que ya hemos copiado *verbatim,* sostuvo que lo expresado por él al jurado fué que "en Puerto Rico algunos paneles de jurados no estaban haciendo la justicia que la sociedad demandaba de ellos, que de seguir los jurados en Puerto Rico, y específicamente los del distrito judicial de Bayamón impartiendo justicia en la forma que hasta hace poco tiempo se había venido haciendo por ellos, que él, el fiscal por haber regresado del ejército en que sirvió por cerca de tres años, había tenido la necesidad transitoria de ocupar un cargo público, el honroso cargo de fiscal, se vería inclinado a renunciar dicho cargo; que se estaba dando el caso en Puerto Rico de que muchos

criminales escapaban las garras de la justicia y especial-
mente aquéllos a quienes sus medios económicos le permi-
tían reclutar en su interés los más brillantes abogados del
foro puertorriqueño." A esta oposición del fiscal se acom-
pañaron declaraciones juradas del subsecretario y del sub-
márshal de la corte y de cuatro de los jurados que intervi-
nieron en el proceso. Algún tiempo después la corte infe-
rior dictó una extensa resolución declarando con lugar la
moción, dejando sin efecto el veredicto y ordenando la ce-
lebración de un nuevo juicio. De ella apeló El Pueblo de
Puerto Rico.(²)

■■ Sostiene el fiscal de esta Corte en su alegato, en
primer término, que la corte de distrito cometió error al
declarar con lugar la moción de nuevo juicio por ser la
misma contraria a derecho. Veamos. Dispone el artículo
303 del Código de Enjuiciamiento Criminal que:

*"Artículo 303.* Cuando se hubiere dictado veredicto contra el
acusado, *el tribunal podrá,* al solicitarlo éste, *conceder la celebración
de nuevo juicio, pero sólo en los casos siguientes:*

"1. Cuando el juicio se hubiere celebrado en ausencia del acu-
sado y en la acusación se le imputare un delito muy grave (*felony*).

"2. Cuando el jurado hubiere recibido otras pruebas fuera del
tribunal, además de las que resultaren de la inspección ocular.

"3. Cuando los miembros del jurado se hayan disgregado sin
el consentimiento del tribunal, después de haberse retirado para
deliberar sobre su veredicto, o en el modo de conducirse hubieren
cometido alguna falta que impidiere resolver la causa de una manera
correcta y concienzuda.

"4. Cuando el veredicto se hubiere obtenido por suerte o cual-
quier otro medio que no fuere una expresión verdadera de la opinión
de todos los miembros del jurado.

"5. Cuando el tribunal hubiere erróneamente informado al jurado
acerca de algún punto de derecho, o se hubiere equivocado en la
decisión de alguna cuestión legal surgida durante la sustanciación
del juicio.

"6. Si el veredicto fuere contrario a derecho o a las pruebas.

---

(²)Artículo 348, inciso 3, del Código de Enjuiciamiento Criminal.

"7. Si el acusado descubriere nuevas pruebas que pudieran favorecerle, las cuales, a pesar de haber empleado la mayor actividad razonable, no le hubiera sido posible descubrir y aducir en la vista de la causa. Al solicitarse la celebración de un nuevo juicio basado en la existencia de nuevas pruebas, el acusado deberá presentar en la audiencia que se le conceda para sustentarlas, las declaraciones juradas de los testigos de quienes se espera la producción de las pruebas aludidas, y si necesitare tiempo para producir dichas declaraciones juradas, el tribunal puede diferir el proveer al escrito en que se pida la celebración del nuevo juicio, por el tiempo que, dadas todas las circunstancias, estime razonable." (Bastardillas nuestras.)

El estatuto provee, pues, de manera clara y terminante, que los motivos en él mencionados son los únicos por los cuales la corte sentenciadora está justificada en conceder un nuevo juicio. En otras palabras, por disposición expresa del mismo la corte inferior no puede conceder un nuevo juicio por ningunos otros fundamentos, no importa cuáles éstos sean. Se trata incuestionablemente de un caso de *expressio unius est exclusio alterius*. ¿Está la conducta impropia de un fiscal incluída entre las modalidades arriba reseñadas? Necesariamente, hay que contestar esta pregunta en la negativa, ya que la letra clara del estatuto demuestra de manera palmaria que tal conducta no es una de las causas por las cuales pueda concederse un nuevo juicio. Cf. *Pueblo* v. *Abréu,* 5 D.P.R. 105, 107 (segunda edición).

El artículo 303, supra, fué una adaptación literal del artículo 1181 del Código Penal de California. Interpretando el mismo, la Corte Suprema de dicho Estado en el caso de *People* v. *Amer,* (1907) 151 Cal. 303, 90 Pac. 698, resolvió que dado el contexto inequívoco y positivo del artículo, era claro que una moción de nuevo juicio podía concederse tan sólo en los casos en él mencionados, no figurando en el estatuto *eo nomine* la conducta impropia del fiscal como una de las causas por las cuales podía autorizarse un nuevo juicio, ni habiendo en él motivo alguno que posiblemente incluya tal conducta reprochable.

El de *People* v. *Amer,* supra, fué seguido por innumerables casos del mismo Estado,(³) hasta que en 1927 se enmendó allí el artículo 1181 del Código Penal de California, a fin de que la corte sentenciadora pudiera también conceder un nuevo juicio *"cuando el fiscal o cualquier representante del ministerio público sea culpable de conducta impropia durante el curso del juicio ante el jurado."* Así pues, para que la corte sentenciadora pudiera en dicho Estado conceder un nuevo juicio por el fundamento indicado, fué necesario enmendar el estatuto. En Puerto Rico no se ha hecho una enmienda similar. Subsiste el artículo 303 en su forma originalmente aprobada.

En el Estado de Idaho—donde el estatuto a virtud del cual las cortes sentenciadoras pueden conceder nuevos juicios contiene un párrafo introductorio idéntico al del artículo 303 de nuestro Código de Enjuiciamiento Criminal— se resolvió asimismo que los fundamentos especificados en el estatuto son exclusivos y no pueden ser ampliados por las cortes. *State* v. *Wilson,* 9 P.2d 497, 499.

█ El caso de *Pueblo* v. *Marchand Paz,* 53 D.P.R. 671, citado tanto por las partes como por la corte inferior, no es de aplicación al que ahora está ante nos. Aquí la cuestión en controversia es si basada en el fundamento alegado la corte de distrito actuó acertadamente al conceder un nuevo juicio al acusado. Mientras que en el de *Marchand* se apeló para ante este Tribunal de la sentencia dictada contra el acusado y fuimos nosotros los que al revocar dicha sentencia ordenamos la celebración de un nuevo juicio. Esto claramente podía hacerse. Artículo 364 del Código de Enjuiciamiento Criminal.

---

(³)*People* v. *Megladdery,* 40 C.A.2d 748, 756. *People* v. *McEntyre,* 32 C.A.2d 752, 762, 84 P.2d 560, 565; *People* v. *Skoff,* 131 Cal. App. 235, 239; *In Re De Voe,* 114 Cal. App. 730, 734; *People* v. *Ellena,* 67 Cal. App. 683, 691; *People* v. *Pang Sui Lin,* 15 Cal. App. 260, 263.

*No siendo la conducta impropia de un fiscal uno de los motivos por los cuales la corte inferior podía conceder al acusado un nuevo juicio, la resolución recurrida debe ser revocada y devolverse el caso a dicha corte para que proceda a dictar sentencia en el mismo.*