[L. A. No. 13395.   In Bank.—June 27, 1932.]

JESSE R. SHAFER, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

Ben C. Cohen and Sam Wolf for Petitioner.

Guy Richards, Crump and Philbrick McCoy for Respondent.

PRESTON, J.—This petitioner, by formal complaint filed October 20, 1930, with The State Bar, was charged with the commission of acts involving moral turpitude growing out of his misuse of the funds of a certain estate, of which he was executor, in an effort to redeem the property of another client. Unfortunate and unforeseen developments prevented petitioner from returning the money to the estate when distribution was due. Payment was later made to the respective distributees under the executor's bond and petitioner gave his note to the bonding company to cover the payments so made by it. Petitioner was then about fifty-five years of age. He had practiced in Los Angeles

since 1910 and had always borne a good reputation for truth, honesty and integrity. On August 19, 1930, at the inception of this investigation, he voluntarily closed his law office and has not practiced since that date.

The hearing in this proceeding was originally set for November 12, 1930, but was continued to avoid possible prejudice to the rights of petitioner upon the trial of a criminal action charging him with felony based upon his failure to account for the proceeds of said estate. Said criminal action resulted in petitioner's conviction but he was granted probation for three years from February 27, 1931. Upon that day a copy of the judgment of conviction was certified to this court, which thereupon filed its order (sec. 299, Code Civ. Proc.) suspending petitioner until said judgment "shall have become final"; further ordering that should said judgment be affirmed on appeal, petitioner should thereupon be deemed removed from office, but in case such conviction be set aside, he should be deemed fully restored to his office as an attorney at law, and that until so restored, he be precluded from practicing as an attorney.

During petitioner's period of probation and temporary suspension, to wit, on March 4, 1931, the local administrative committee of The State Bar proceeded with the hearing in this matter. Petitioner, pleading said order of suspension, filed a special appearance challenging its jurisdiction and testified only over objection. The committee, however, reviewed the case at length and after considering said wrongful acts and unfortunate circumstances as well as the evidence of petitioner's good character, it found him guilty of conduct involving moral turpitude and recommended a three-year period of suspension to run from February 27, 1931, or concurrently with said period of probation. These findings and recommendation were adopted by the Board of Governors of The State Bar and the matter is now before us for review. Petitioner contends that this court is powerless to make a second and different order of suspension for the same wrongful act. Respondent argues that the order of February 27th was merely made as required by statute and was not a determination of the fitness of petitioner to continue in the practice of the law; hence that issue may be properly adjudicated in this proceeding. It should also

be noted that if the court below, under the power conferred upon it by section 1203 of the Penal Code, should set aside the verdict of guilty and dismiss the accusation against petitioner, he would be thereby released from all penalties for his offense and would probably be restored to his right to practice law, the result being to place in the superior court and not in this court the power to determine the period of petitioner's suspension.

This brings us to a consideration of the sole question presented by this review. Where an attorney has been convicted of a felony involving moral turpitude and, pending final action upon a judgment of conviction, has been suspended from the practice of law by this court pursuant to the provisions of sections 287, 288, 289 and 299 of the Code of Civil Procedure, may disciplinary proceedings, based upon the very facts giving rise to the criminal action, be brought against him and terminate in a further order of suspension or disbarment?

This question must be answered in the affirmative. The first order of suspension is provisional and temporary, awaiting the affirmance or reversal of the judgment of conviction. (*In re Jacobsen*, 202 Cal. 289 [260 Pac. 294].) It does not purport to satisfy the charge against a petitioner or to settle his fitness to remain a member of the bar. Its purpose is to preserve the respect and dignity of the court until the facts authorizing summary disbarment mature into a final judgment. (Sec. 299, Code Civ. Proc.) Subdivision 5 of section 287 of said code provides that an attorney may be removed or suspended for the commission of any act involving moral turpitude, etc., and that "in the event that such act shall constitute a felony or misdemeanor, conviction thereof in a criminal proceeding shall not be a condition precedent to disbarment or suspension. . . . " This provision offers ample authority to proceed by proper complaint to a redetermination of the issues involved in the criminal prosecution and to do so either before the judgment becomes final or after it is reversed or set aside. There is no merit in the claim that the order of suspension heretofore made is exclusive or in the nature of *res judicata*.

The punishment recommended by The State Bar in this case seems just and fair. The period begins on the same

date as that of petitioner's probationary term and it has the same duration. It is, therefore, ordered that petitioner Jesse R. Shafer be, and he is hereby suspended from the practice of the law in this state for a period beginning February 27, 1931, and ending December 31, 1932; provided that immediately prior to said last date petitioner file with this court a certificate from The State Bar of California certifying that petitioner has, in all ways and in good faith, complied with this order of suspension.

Curtis, J., Langdon, J., Tyler, J., *pro tem.*, Seawell, J., and Waste, C. J., concurred.

Rehearing denied.