[Crim. No. 2325. Second Appellate District, Division One.—May 26, 1933.]

THE PEOPLE, Respondent, v. VICTOR L. BENTSON, Appellant.

Aileen M. MacLymont and Victor L. Bentson, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, and John D. Richer, Deputy Attorney-General, for Respondent.

DESMOND, J., *pro tem.*—The defendant was found guilty by a jury of violating section 1½ of chapter 559, Statutes of 1929, which reads as follows:

"Sec. 1½. Any money or property put up by any employee or applicant for employment as a cash bond in any case must not be used for any purpose other than liqui-

dating accounts between the employer and his said employee or return to the said employee or applicant for employment, and shall be held in trust for this purpose and not mingled with the money or property of the employer who receives same, any provision of any contract between the employer and employee or applicant for employment to the contrary notwithstanding. Any employer or prospective employer, or agent or officer thereof, who misappropriates any such money or property, mingles it with his own or uses it for any other purpose than that set forth above, shall be guilty of theft and shall be punished, upon conviction thereof, in accordance with the provisions of sections 486, 487, 488, 489 and 490 of the Penal Code.''

The amount of money delivered by the complaining witness to the defendant and not returned was $260. The verdict in this case was rendered October 18, 1932, and after various continuances, probation was granted the defendant on December 16, 1932. On that same date the court had denied motions for dismissal, for arrest of judgment,' and for a new trial, the latter motion being grounded on sections 1191 and 1202 of the Penal Code; in other words, the defendant claiming then and now that judgment was not pronounced against him within the time prescribed by law in the first mentioned section, and that, therefore, he is entitled to a new trial under the provisions of the second. Defendant gave oral notice of appeal at the time his various motions were denied and sentence imposed. The written notice of appeal is ''from Order denying motion for a new trial under P. C. 1191 and Order denying Motion for Arrest of Judgment in the above entitled case and judgment of probation sentence herein''.

An order denying motion to arrest judgment is not among the orders from which an appeal may be taken under section 1237 of the Penal Code. (See *People* v. *Caldwell*, 55 Cal. App. 280 [203 Pac. 440]; *People* v. *Sichofsky*, 58 Cal. App. 257 [208 Pac. 340].) The same is true of an order denying a motion to dismiss an action. While it is true that any error of a trial court in denying either of such motions is reviewable upon an appeal from the judgment (sec. 1259, Pen. Code; *People* v. *Williams*, 184 Cal. 590 [194 Pac. 1019]), the appeal in this case is not from a final judgment of conviction, mentioned in section

1237 as the judgment from which an appeal may be taken. The appeal here is "from the judgment of probation sentence", a subject which we hereinafter discuss. Since the two orders last mentioned are not appealable and since, also, any errors claimed to have been made in regard to them are not reviewable, there being before us no appeal from a final judgment of conviction, it follows that the appeals from said orders must be dismissed.

█ Consideration of the other principal ground of appeal, refusal on December 16th to grant a new trial, calls for a review of the various proceedings had in the case after the verdict was rendered on October 18, 1932. At that time, the pronouncing of judgment and sentence was set for October 21, 1932. On that date, a motion for a new trial was denied and leave granted the defendant, upon his request, to file an application for probation, passing on the same and pronouncing of judgment and sentence then being fixed for November 18th, the "defendant waiving the statutory period" according to the clerk's transcript now before us. On November 18th, the defendant being present in court and making no objection, all matters were continued to November 25th, and at the same time the court having determined that defendant should be examined as to his mental condition, made an order transferring him to ward 110 of the Los Angeles General Hospital for such examination and observation and a report thereon. Section 1191 of the Penal Code provides that if in the opinion of the court there is reasonable ground for believing a defendant insane, the court may extend the time of pronouncing sentence until the question of insanity has been heard and determined, as provided in sections 1367 to 1374 of the Penal Code. On November 25th, the defendant not having been returned from the hospital, the case was continued to December 9th, attorney for defendant being present and not objecting. On December 9th, the case was transferred to another court for further proceedings, and on that date the motion for a new trial under sections 1191 and 1202 of the Penal Code was presented to the court. At that time the application for probation was still pending. Argument on the motion not being concluded on December 9th, the case was continued to December 13th at the request of the defendant. On that date the arguments were still un-

finished and the court, with no objection either by defendant or his associated counsel, continued the case to the next day, December 14th, and at the close of that day's hearing the defendant moved for a continuance to December 16, 1932, at which time all matters pertaining to the case were finally disposed of, including the court's decision on defendant's application for probation.

Upon this record we feel that defendant's motion for a new trial under the sections of the Penal Code hereinbefore noted was properly denied.

It is provided by section 1191 that the ordinary five-day period for pronouncing judgment may be extended twenty days for consideration and decision upon an application for probation, "provided, however, that upon the request of the defendant such time may be further extended not more than ninety days additional". When defendant's first motion for a new trial was denied, he was granted permission to file an application for probation. The law, as we have just observed, requires a decision on such an application within twenty-five days following rendition of the verdict and if such decision is adverse then pronouncement of judgment within that period. But in this case the defendant, when he requested and was given leave to file for probation, waived the statutory period and since hearing on his application was fixed with his consent for November 18th, a date subsequent to the twenty-five day period, it is fair to conclude that the statutory period that was waived was any time within the maximum period of 115 days after verdict, provided by section 1191 of the Penal Code, that the court in its discretion might find necessary for consideration of the probation application. If defendant had not asked for probation, undoubtedly judgment would have been pronounced and sentence imposed on October 21st. It is clear that the first setting for November 18th and all the other continuances were made primarily for the benefit of the defendant, for the purpose was to determine the question of whether or not his request for probation should be granted. Section 3515 of the Civil Code declares that he who consents to an act is not wronged by it, and this maxim of jurisprudence seems applicable here. On November 18th the court felt apparently that a determination of defendant's mental condition might have

a direct bearing on the probation decision and the order for his examination was made. No objection to that order was entered, nor was the request for probation withdrawn. Since defendant and counsel associated with him were both present in court on that occasion and made no objection, the court was justified in believing the waiver of time requirements still continued. This continuing waiver was accepted and recognized by the court at all times for the purpose of determining whether defendant's application for probation should be granted. Since that application was never withdrawn, the "waiver of the statutory period" traveled along with it until the court finally rendered its decision and granted probation on December 16th, the fifty-ninth day following the verdict and well within the maximum period of 115 days allowed by section 1191.

It has been observed that defendant appeals "from judgment of probation sentence herein", also that such an appeal is not available under section 1237 of the Penal Code. It may be said further that probation was what the defendant asked for and received; we apprehend, therefore, that the basis of his complaint in this regard is the fact that he was placed on probation for two years under sections 487 and 489 of the Penal Code, instead of for six months, the maximum term provided by section 490 of the Penal Code. Since the amount involved in the information upon which conviction was had exceeded the sum of $200, we cannot say that this action by the trial judge constituted an abuse of discretion vested in the court by the quoted section, $1\frac{1}{2}$ of chapter 559, Statutes of 1929, and section 1203 of the Penal Code governing matters relating to probation.

The appeals from the order denying motions to dismiss and to arrest judgment are dismissed; orders granting probation and denying motion for new trial under sections 1191 and 1202 of the Penal Code, are affirmed.

Houser, Acting P. J., and York, J., concurred.