[L. A. No. 17367. In Bank.—January 17, 1941.]

In the Matter of the Petition of MICHAEL G. PHILLIPS
to Set Aside an Order of Disbarment.

Joe Wapner for Petitioner.

Philbrick McCoy and Claude Minard for State Bar.

GIBSON, C. J.—Petitioner, an attorney at law, on July 1, 1937, was found guilty in the Municipal Court of the City of Los Angeles of a misdemeanor involving moral turpitude. On July 13, 1937, a certified copy of the record of conviction was filed with this court and an order was made suspending petitioner from the practice of law. On September 7, 1937, the judgment of conviction was reversed on appeal, but no order vacating the suspension appears to have been made. Petitioner was again placed on trial on the same charge and on December 9, 1937, was found guilty as charged by a jury. He then made application for probation, and the court on December 23, 1937, entered the following judgment: "Whereupon it is ordered and adjudged by the court this December 23, 1937, that for said offense of violation of Section 311,

Penal Code, Subd. I, the said Michael G. Phillips be imprisoned in the city jail of Los Angeles City for the term of 180 days and the said defendant be discharged at the expiration of said term; execution suspended for 2 years and respondent placed on probation on condition he serves 175 days in City Jail.'' An appeal was taken and the judgment was affirmed on March 1, 1938.

On April 5, 1938, this court made an order of disbarment which recited that a certified copy of the judgment had been filed and that the judgment had become final. Subsequently on October 10, 1939, the petitioner having complied with the terms of the order of probation, the judge of the municipal court made a further order setting aside the verdict of guilty and dismissed the accusation against petitioner in accordance with the provisions of Penal Code, section 1203.4. Petitioner then filed this application in which he asked that the order of disbarment be set aside and that his name be restored to the roll of attorneys authorized to practice law in this state.

The ground upon which petitioner seeks to have the order of disbarment of April 5, 1938, set aside is that there was no such ''final judgment of conviction'' as would justify an order of disbarment under the provisions of Business and Professions Code, sections 6101, 6102, Deering's 1939 Supplement, page 521. Section 6101 provides: ''Conviction of a felony or misdemeanor, involving moral turpitude, constitutes a cause for disbarment or suspension as provided in section 6102. The record of conviction shall be conclusive evidence. . . . A plea or verdict of guilty is deemed to be a conviction within the meaning of this section.'' Section 6102 provides: ''Upon the receipt of the certified copy of the record of conviction of an attorney of a crime involving moral turpitude, the court shall suspend the attorney until judgment in the case becomes final. When a judgment of conviction becomes final, the court shall order the attorney disbarred.''

The language of section 6102 is mandatory in character and provides for an automatic suspension upon proof of conviction, and for an automatic disbarment when the judgment of conviction becomes final. The sole question presented is whether, under the facts of this case, there was a final judgment of conviction. An appeal from the judgment of conviction was taken and it was affirmed. Thus, the only ground upon which petitioner can rest his argument that no final

judgment was rendered is that the trial court granted him probation, and later dismissed the accusation against him upon the satisfactory completion of the probationary period.

■ The power of the trial court to grant probation after a conviction may be exercised in either of two ways: the court may suspend the imposition of the sentence, in which case no judgment of conviction is rendered, or it may impose the sentence and thereafter suspend its execution. (Pen. Code, secs. 1203.1, 1203.2.) In the latter case a judgment of conviction has been rendered from which an appeal can be taken, and upon affirmance, it becomes a final judgment. In the former situation, however, where the court suspends the imposition of the sentence, that is, the rendition of a judgment of conviction, there is no judgment from which the defendant can prosecute an appeal (*People* v. *Von Eckartsberg,* 133 Cal. App. 1, 3 [23 Pac. (2d) 819] ; *People* v. *Noone,* 132 Cal. App. 89, 92 [22 Pac. (2d) 284] ; *People* v. *De Voe,* 123 Cal. App. 233, 236 [11 Pac. (2d) 26] ; 8 Cal. Jur. 493), and thus there can be no final judgment of conviction. ■ It has been suggested that this places power in the hands of the trial court to control disbarment orders because the power of this court to enter an order of disbarment under the statute is made to depend upon whether the order of probation suspends the imposition of the judgment or merely its execution. In a sense this is true, but it is merely the result of the statutory scheme, for only in the one case is there a final determination of the defendant's guilt upon which this court can act in making its order of automatic disbarment. Where the trial court suspends the rendition of its judgment, this court acting under section 6102 (*supra*) can only suspend and cannot disbar the attorney, for there has been no final adjudication of his guilt in a court of law. In such a case, if it is thought that the attorney has been guilty of conduct warranting disbarment, it is incumbent upon the State Bar to proceed upon its own initiative under article 5 of the State Bar Act (Business and Professions Code, secs. 6075–6087, Deering's 1939 Supp., p. 519). Following the disciplinary procedure therein provided, a recommendation can be made upon which this court may then make an order of disbarment.

But such is not the situation disclosed by this record. In the present case the court ''ordered and adjudged . . . that . . . the said Michael G. Phillips be imprisoned in the City

Jail of Los Angeles City for the term of 180 days . . . ; execution suspended for 2 years and Defendant placed on probation on condition he serves 175 days in City Jail.'' It is clear from the language of this order that the court *rendered* its judgment of conviction and then suspended its execution. Thereafter the defendant appealed, which would have been impossible if no judgment of conviction had been rendered (see cases cited, *supra*), and the judgment was affirmed. The judgment of conviction in this case was ''final'' in the sense that it was no longer possible to contest the guilt of the defendant upon the merits of the case. It was therefore a ''final judgment of conviction'' sufficient to sustain an order of disbarment by this court under section 6102.

 In urging a contrary conclusion, petitioner relies upon the fact that the trial court acted under Penal Code, section 1203.4 to ''set aside the verdict of guilty,'' after compliance with the conditions of his probation. The power of the trial court to place the defendant on probation and to set aside the verdict after a satisfactory completion of the probationary period is established by section 1203.4, which reads as follows: ''Every defendant who has fulfilled the conditions of his probation for the entire period thereof . . . shall . . . be permitted by the court to withdraw his plea of guilty and enter a plea of not guilty; or if he has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and in either case the court shall thereupon dismiss the accusation or information against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted . . . provided, that in any subsequent prosecution of such defendant for any other offense such prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed.'' A preliminary point may be noticed here. The statutory language purporting to release the defendant ''from all penalties and disabilities resulting from the offense'' is not to be interpreted as a legislative mandate that the order of disbarment of an attorney must be revoked where probation is granted. It is established by the decisions of this state that the legislature cannot infringe upon the judicial power of the court to discipline its own officers, and cannot vacate such a judicial order by legislative mandate. (*In*

*re Lavine*, 2 Cal. (2d) 324 [41 Pac. (2d) 161].) Any language of *In re Herron*, 217 Cal. 400 [19 Pac. (2d) 4], which might be deemed to support a contrary conclusion is hereby disapproved (see discussion, *infra*). The "penalties and disabilities" to which the probation statute refers ·are those which it is within the power of the legislative branch of the government to release.

■■ Petitioner does not, however, rely primarily upon the theory that his order of disbarment is a "disability" which was released under the probation statute. He argues that the action taken under the Penal Code, section 1203.4, operated to *set aside* the judgment of conviction and that, therefore, there was never a "final judgment" upon which this court could have based its order of disbarment. Under section 6102 "conviction" in the sense of a plea or verdict of guilty (see 12 So. Cal. L. Rev. 201) is followed by an automatic suspension from the practice of law, and a "final judgment of conviction" is followed by disbarment. Was the finality of the judgment of conviction rendered in this case and affirmed on appeal destroyed by the order granting probation and the subsequent order setting aside the verdict of guilty and dismissing the accusation?

It is contended that the order granting probation followed by an order dismissing the action under Penal Code, section 1203.4, is analogous to an order granting a new trial or to the reversal of a judgment of conviction upon appeal, and that a judgment of conviction cannot be final so long as the court can set it aside by any of these methods. But we do not believe that the power granted to the trial court under section 1203.4 can be given this effect. An order granting a new trial or a reversal of the judgment of conviction is based upon the premise that error was committed which renders it uncertain whether the defendant is actually guilty of the crime of which he was convicted. (See 8 Cal. Jur. 414, 489.) So long as such action can be taken, it is clear that the judgment of conviction is not final because it is still possible that an ultimate determination on the merits will find ·the defendant not guilty. (*In re Riccardi*, 182 Cal. 675 [189 Pac. 694].) No such considerations are present in the granting of probation to a convicted defendant. Whether the court suspends the rendition of the judgment of conviction or whether it merely suspends the execution of the judgment, the

order of probation presupposes that the defendant is guilty. Where probation is granted before the judgment is rendered, it has been said that the defendant waives any right to appeal on the merits. (*People* v. *Von Eckartsberg, supra;* and other cases cited *supra.*) Where probation is granted after a judgment of conviction, an affirmance on appeal is a final adjudication of the fact of his guilt. In either event the order granting probation is based upon the premise of the defendant's guilt, while a reversal upon appeal or an order granting a new trial is based upon the premise that the defendant's guilt has not been sufficiently proved.

The powers possessed by the trial courts under the probation statutes (Penal Code, secs. 1203, et seq.) are concerned with mitigation of punishment and confer discretion upon the courts in dealing with a convicted defendant. The power of the court to reward a convicted defendant who satisfactorily completes his period of probation by setting aside the verdict and dismissing the action operates to mitigate his punishment by restoring certain rights and removing certain disabilities. But it cannot be assumed that the legislature intended that such action by the trial court under section 1203.4 should be considered as obliterating the fact that the defendant had been finally adjudged guilty of a crime. This is made clear by the provision that the fact of the defendant's conviction can be used against him in any later prosecution, despite dismissal of the action under section 1203.4. In brief, action in mitigation of the defendant's punishment should not affect the fact that his guilt has been finally determined according to law. Such a final determination of guilt is the basis for the order of disbarment in this case. That final judgment of conviction is a fact; and its effect cannot be nullified for the purpose here involved, either by the order of probation or by the later order dismissing the action after judgment. Whether the judgment of conviction is final is to be determined from considerations apart from whether the trial court saw fit to mitigate the punishment by granting probation to the convicted defendant.

 Counsel have suggested that the procedure to be followed in cases of this sort is uncertain. It is, of course, true that the State Bar may carry on its own independent investigation of the fitness of any one of its members to practice law without regard to criminal prosecutions which may be pend-

ing. (*Shafer* v. *State Bar,* 215 Cal. 706 [12 Pac. (2d) 957].) That is one of the alternative methods by which an attorney may be disbarred. (Business and Professions Code, secs. 6075 et seq.) The other method, which is intended to relieve the State Bar of the burden of carrying on a separate investigation where the defendant's unfitness has been finally determined by a court of law, is set forth in Business and Professions Code, sections 6100 et seq., and provides the basis for the order in this case. Upon the presentation to this court of a certified copy of the record of conviction, we will make an order of suspension; and we will make an order of disbarment when the judgment of conviction becomes final on the merits of the cause, without regard to orders of probation in mitigation of punishment which may have been made by the trial court.

Among the cases cited as illustrative of existing confusion in automatic disbarment cases where probation has been granted, only *In re Herron,* 217 Cal. 400 [19 Pac. (2d) 4], seems inconsistent with the view we have herein set forth. In that case, after the conviction of an attorney of a crime involving moral turpitude, the court "suspended sentence" which was held to be equivalent to granting probation and suspending the execution of the judgment of conviction. Later the trial court set aside the verdict of guilty and dismissed the action, and this court held that the dismissal removed all disabilities and prevented the entering of an order of disbarment. In so far as that decision suggests that disbarment is a disability which can be removed by legislative mandate expressed in the probation statutes, it is contrary to the doctrine of our later case of *In re Lavine, supra,* and in so far as it suggests that the action of the trial court after a judgment of conviction could prevent the judgment from becoming final, it is erroneous and must be disapproved. In the case of *In re Jacobsen,* 202 Cal. 289 [260 Pac. 294], the the trial court suspended the imposition of the sentence and granted probation to the defendant attorney who had been convicted of a crime involving moral turpitude. In this case probation was granted before the imposition of the sentence, that is, before the rendition of the judgment, and no final judgment of conviction was possible, despite contrary suggestions in the opinion on that point. Thus, the order of suspension, rather than disbarment, was proper. In *Shafer*

v. *State Bar,* 215 Cal. 706 [12 Pac. (2d) 957], the order granting probation was made after the judgment of conviction was rendered, and this court properly made its order suspending the defendant until the judgment became final, in which case he was to be disbarred. In the case of *In re Hatch,* 10 Cal. (2d) 147 [73 Pac. (2d) 885], this court properly suspended the defendant attorney where only the "record of conviction" was filed and it appeared that probation was granted before any judgment of conviction was rendered. In each of these cases the result properly depended upon whether there was a final judgment of conviction as required by the statute.

In the present case the court properly made its order of disbarment based upon a final judgment of conviction. Any application for reinstatement which petitioner desires to make should be filed with the Board of Governors of the State Bar, and this court should not act until the Board of Governors has completed its investigation and reported thereon. (Business and Professions Code, secs. 6078, 6082; *In re Lavine, supra.*)

The petition to set aside the order of disbarment and to restore petitioner's name to the roll of attorneys is denied without prejudice to petitioner's right to make his application for reinstatement upon such showing of moral rehabilitation as may be deemed satisfactory by the Board of Governors of the State Bar.

Traynor, J., and Edmonds, J., concurred.

SPENCE, J., *pro tem.,* Concurred.—I concur, as there was clearly a final judgment of conviction in the present case upon which the order of disbarment was based. I believe, however, that it is proper to call to the attention of the legislature the anomalous situation presented by our statutes relating to probation.

When a court decides to grant probation either upon application of the defendant or upon its own motion (Pen. Code, sec. 1203), it may suspend the imposition of sentence or it may impose sentence and suspend the execution thereof. (Pen. Code, sec. 1203.1.) Either procedure is based upon the record of conviction and the order or judgment of the court in either case is in the nature of a judgment of con-

viction, which may provide, in the discretion of the court and as a condition of probation, for fine or imprisonment or both. (Pen. Code, sec. 1203.1.) It seems well settled, however, that where a defendant is ordered on probation by suspending the imposition of sentence, no appeal lies in the absence of a statute expressly authorizing such an appeal; but on the other hand, where a defendant is ordered on probation by imposing sentence and suspending the execution thereof, an appeal does lie. (*People* v. *Gibbons*, 39 Cal. App. (2d) 671, 673 [103 Pac. (2d) 1005]; *People* v. *Dawes*, 37 Cal. App. (2d) 44, 46 [98 Pac. (2d) 787]; *People* v. *Smith*, 36 Cal. App. (2d) 361, 362 [97 Pac. (2d) 867]; *People* v. *Johnson*, 14 Cal. App. (2d) 373, 375 [58 Pac. (2d) 211]; *People* v. *Brooks*, 140 Cal. App. 480, 481 [35 Pac. (2d) 583]; *People* v. *Von Eckartsberg*, 133 Cal. App. 1, 3 [23 Pac. (2d) 819]; *People* v. *Neel*, 133 Cal. App. 332, 333 [24 Pac. (2d) 230]; *People* v. *Noone*, 132 Cal. App. 89, 92 [22 Pac. (2d) 284]; *People* v. *Bentson*, 132 Cal. App. 295, 298 [22 Pac. (2d) 734]; *People* v. *Patello*, 125 Cal. App. 480, 487 [13 Pac. (2d) 1068]; *People* v. *De Voe*, 123 Cal. App. 233, 237 [11 Pac. (2d) 26]; *In re De Voe*, 114 Cal. App. 730 [300 Pac. 874]; *People* v. *Hartman*, 23 Cal. App. 72, 75 [137 Pac. 611]; see, also, 126 A. L. R. 1210; 117 A. L. R. 929.) While there appears to be justification for holding that the right of appeal exists in the one case and not in the other, it would seem that the legislature might well consider the desirability of according to the defendant a right of appeal in either case.

An application for probation is directed to the matter of punishment and not to the matter of guilt. If there is a serious question regarding the sufficiency of the evidence to establish the guilt of the defendant or a serious question regarding the fairness of the trial in which he was found guilty, it would seem appropriate that a defendant should not be deprived of his right of appeal by applying for probation and by the granting thereof without the imposition of sentence. It appears that trial courts ordinarily have no occasion to consider the distinction between the two procedures permitted in granting probation and that it might be deemed good policy by the legislature to provide by statute that any order placing a defendant upon probation under either procedure should be deemed a "judgment of convic-

tion'' for the purposes of appeal and for the purposes of section 6102 of the Business and Professions Code.

SHENK, J., Dissenting.—I dissent.

In this proceeding the majority has departed from the rule followed in this state for over half a century. In fact, never in the history of this court has a judgment that has been reversed or otherwise set aside been permitted to form the basis of a summary order of disbarment under the statute. That the conclusions of the main opinion are unsupported by and are contrary to the uniform holdings in similar cases will more fully appear from the following discussion of the case.

The petitioner was admitted to the bar of this state on July 22, 1915. In 1937 he was charged in the Municipal Court of the City of Los Angeles in two counts with violation of section 311 of the Penal Code, a misdemeanor. On July 1st, of that year, he was convicted on both counts and sentenced to serve one hundred and eighty days in the city jail. Upon a certificate of the record of his conviction, presented by the secretary of the State Bar, this court on July 13, 1937, suspended the petitioner from the practice of the law until the judgment should become final. That order of suspension has not been formally set aside, and is not affected by the present proceeding. The petitioner appealed from the judgment of conviction and from an order denying his motion for a new trial. The judgment was reversed and a new trial ordered by the appellate department of the superior court. On a retrial the petitioner was found guilty on the same two counts, and the court on December 23, 1937, sentenced him to imprisonment in the city jail for one hundred and eighty days. As a part of the same order the court suspended the execution of the judgment and placed the petitioner on probation on condition that he serve one hundred and seventy-five days in the city jail. He appealed from that judgment on the ground that the evidence was insufficient to support the conviction. The judgment was affirmed on March 1, 1938. Upon a certificate of the second judgment of conviction which included said probationary order, this court on April 5, 1938, ordered the petitioner disbarred. He satisfied the terms of his probation and, on his application, the trial court on October 10, 1939, set aside the

verdict of guilty and dismissed the accusation under the authority of section 1203.4 of the Penal Code.

Thereafter, the petitioner filed the present petition to set aside the order of disbarment of April 5, 1938, on the ground that the order of the trial court setting aside the verdict and dismissing the criminal action pursuant to said section 1203.4 had released him from all penalties and disabilities resulting from the offense of which he had been convicted, and that there was, therefore, no final judgment of conviction upon which an order of disbarment had been or could be based.

The petitioner relies first on the Penal Code section and on *In re Herron*, 217 Cal. 400 [19 Pac. (2d) 4]. The code section provides that when the defendant has fulfilled the conditions of his probation ''the court shall set aside the verdict of guilty; and . . . shall thereupon dismiss the accusation or information against such defendant, *who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted.*'' Neither the language of the code section which we have italicized nor *In re Herron, supra,* when properly applied in the light of the subsequent case *In re Lavine,* 2 Cal. (2d) 324 [41 Pac. (2d) 161], affords support for the granting of the petition on the ground first urged. On this point there is no disagreement here. The disagreement is on the question whether under the statutes and decisions in this state there is in this proceeding a final judgment on which a summary order of disbarment can be based.

There are two well recognized statutory methods of disciplining members of the bar in this state. Both are set forth in articles 1 to 9 inclusive of chapter 4 of the Business and Professions Code, which chapter is called the State Bar Act. One method is provided for in article 5 under the heading ''Disciplinary Authority of the Board of Governors'' (sections 6075-6087 of the State Bar Act; Deering's Gen. Laws, 1939, Supp., p. 519). Under this article and rules of professional conduct adopted thereunder, the procedure is provided for initiating and conducting disciplinary proceedings against members of the bar through the medium of accusation, notice and hearing before committees of the State Bar and its Board of Governors, culminating in a recommendation to this court that the accused be subjected to the discipline suggested, with opportunity afforded for review by this court of the

order of recommendation. This method is entirely independent of any prior court proceeding.

The second method is prescribed in article 6 of said chapter 4, under the heading "Disciplinary Authority of the Courts" (sections 6100–6118 of the State Bar Act; Deering's Gen. Laws, 1939, Supp., p. 521.) Here it may be said that the codification in 1939 of the State Bar Act and the former sections of the Code of Civil Procedure effected no substantive change in the law as it formerly existed, at least so far as the disciplinary power of the courts is concerned.

Section 6101 of the State Bar Act provides: "Conviction of a felony or misdemeanor, involving moral turpitude, constitutes a cause for disbarment or suspension as provided in section 6102. The record of conviction shall be conclusive evidence and the clerk of the court in which the conviction is had shall, within thirty days thereafter, transmit a certified copy of the record of conviction to the Supreme Court. The proceedings to disbar or suspend an attorney shall be undertaken by the court upon the receipt of the certified copy of the record of conviction. A plea or verdict of guilty is deemed to be a conviction within the meaning of this section."

Section 6102 provides: "Upon the receipt of the certified copy of the record of conviction of an attorney of a crime involving moral turpitude, the court shall suspend the attorney until judgment in the case becomes final. When a judgment of conviction becomes final, the court shall order the attorney disbarred. The other provisions of this article providing a procedure for the disbarment and suspension of an attorney do not apply to an attorney convicted of a crime involving moral turpitude, unless expressly made applicable."

Then follow sections of the same article having to do generally with disciplinary proceedings which may be instituted in court upon the information of another, and like proceedings initiated in the State Bar, which proceedings are carried forward on notice and with an opportunity on the part of the accused to be heard.

It will be noted that the proceedings for disbarment or suspension taken under sections 6101 and 6102 upon the filing of a certified copy of the record of conviction do not provide for notice to or for a hearing in behalf of the accused attorney. The statute itself, and that alone, is the authority of

this court thus summarily to disbar or suspend an attorney found guilty of a crime involving moral turpitude. These statutory provisions, like their predecessors to like effect (sections 287, 288, 289 and 299, Code Civ. Proc.) have always been deemed valid statutory regulations affecting the rights of members of the legal profession and as such binding upon the courts. (See article on Disbarment and Suspension and cases cited, 3 Cal. Jur., p. 719 et seq.)

The statute is too clear to admit of doubt that upon the presentation to the court of a certified copy of the "record of conviction" the power and duty of the court is to enter an order of suspension "until judgment in the case becomes final". When the judgment has become final it is then, and not until then, that the court has the power to enter a summary order of disbarment under the statute. The record of conviction may but does not necessarily include a judgment of conviction. Under section 6101 "a plea or verdict of guilty is deemed to be a conviction within the meaning of the section". Upon the certification of the record of a plea or verdict of guilty the court is authorized to enter an order of suspension. A judgment of conviction is not essential to the validity of such an order. (*In re De Voe,* 114 Cal. App. 730 [300 Pac. 874].) In a criminal case the sentence is the judgment. Section 1191 of the Penal Code provides: "After a plea or verdict of guilty . . . the court must appoint a time for pronouncing judgment which must not be less than two, nor more than five days after the verdict or plea of guilty. . . . and provided, further, that the court may extend the time not more than twenty days in any case when the question of probation is considered in accordance with section 1203 of this Code, . . . ". The terms "judgment" and "sentence" in criminal cases appear to have been used interchangeably (see *Matter of Smith,* 152 Cal. 566 [93 Pac. 191] ; 8 Cal. Jur., p. 448, et seq.). The sentence is, therefore, the judgment from which an appeal may be taken under section 1237 of the Penal Code, even though an order of probation has been made. (See *Berman* v. *United States,* 302 U. S. 211 [58 Sup. Ct. 164, 82 L. Ed. 204].)

Since a judgment of conviction that has become final is the only basis upon which an order of disbarment may be made under the statute, it is necessary to consider whether the judgment certified to this court was a final judgment of

conviction as contemplated by the statute, for, as said by this court in *In re Herron, supra,* at page 402, "if the conviction has become final and has not been set aside, this court, under sections 287 and 299 of the Code of Civil Procedure has no election, but must disbar respondent".

The means by which a judgment of conviction may be "set aside" are well recognized. A conviction, that is, a verdict of guilty, may be set aside by an order granting a new trial pursuant to section 1181 of the Penal Code. This usually takes place before a judgment is pronounced. After sentence the judgment of conviction may be set aside on appeal pursuant to section 1237 of the Penal Code, by *certiorari* or *habeas corpus* when the judgment is void, and by order of court pursuant to section 1203.4 of the Penal Code when the defendant has been placed on probation and has complied with the terms of the order of probation. Not only this, but when the terms of probation have been complied with the court is authorized, as was done in this matter, to dismiss the action against the defendant.

What, then, are the powers of the trial court under sections 1203, 1203.1 and 1203.4 of the Penal Code? Under section 1203, the court, after a plea or verdict of guilty, is authorized to enter an order placing the defendant on probation. Under this order, and pursuant to section 1203.1, the court "may suspend the imposing, or the execution of the sentence". If the court suspends the "imposing" of sentence and places the defendant on probation, there is then no judgment of conviction and although new trial proceedings may be taken, no right on the part of the defendant to take an appeal from the verdict or from that order of probation is provided for. However, "conviction" is present and a suspension from practice of a defendant attorney is authorized, but there is yet no final or any judgment of conviction upon which to base an order of disbarment. Again, if the court suspends the "execution of the sentence", a sentence or judgment necessarily preceded that order; and from such a judgment the right of appeal has uniformly been recognized. The petitioner in the present matter availed himself of that right. Whether the imposition of sentence be suspended or the execution of sentence be suspended there is no finality to the proceeding or the judgment which is not subject to be disturbed by order of court under the statute at an appropriate time after the terms of probation have been complied

with. That is to say, in the one case no judgment at all is entered, and in the other there is no judgment of conviction except one which may be set aside upon the happening of a condition subsequent and under specific statutory authority.

But it does not follow that the order of probation has placed the defendant-attorney beyond the pale of disciplinary action. It is not and should not be within the power of the trial court by an order of probation to relieve a member of the bar convicted of a crime involving moral turpitude of accountability arising out of his professional misconduct. However, the order of probation may affect and in the present matter has affected the summary power of this court to disbar him. Upon a plea or verdict of guilty on a charge involving moral turpitude this court is authorized and is bound to enter an order of suspension. The fact that a judgment of conviction may not be entered or that the execution of the judgment may be suspended in pursuance of an order of probation, or that the criminal proceeding may ultimately be dismissed, does not enable the attorney to avoid disciplinary proceedings, for there is ample authority for the State Bar to proceed against him independently of the court proceeding and to recommend to this court appropriate discipline either of suspension from practice or disbarment. A record of conviction or a judgment of conviction has never been a condition precedent to disbarment or suspension. In *Shafer* v. *State Bar*, 215 Cal. 706 [12 Pac. (2d) 957], the attorney had been convicted of an offense involving moral turpitude, judgment of conviction had been entered, and he had been placed on probation. A copy of the judgment of conviction was certified to this court and an order of suspension was made until said judgment "shall have become final". During Shafer's period of probation and temporary suspension, in fact, within a week after the period of probation commenced, the State Bar proceeded against him to redetermine for itself the same issues involved in the criminal proceeding. As a result of this independent proceeding, the Board of Governors recommended Shafer's suspension for the period of three years. In the proceeding brought by Shafer to review the order of recommendation, this court held that the judgment of conviction was not a bar to an independent investigation and recommendation by the State Bar based on the same facts involved in the criminal case. This court followed the recommendation

of the State Bar and entered another order of suspension for the period so recommended.

In *In re Hatch,* 10 Cal. (2d) 147 [73 Pac. (2d) 885], it was said: "The State Bar is not deprived of jurisdiction in disciplinary proceedings to inquire into the fitness of an attorney to practice when a record of his conviction is on file with the court under sections 287 et seq. of the Code of Civil Procedure. (*Shafer* v. *State Bar,* 215 Cal. 706 [12 Pac. (2d) 957].)"

A further review of the cases in this state discloses a uniformity in decision in harmony with the foregoing. It is stated by counsel for the petitioner, is not disputed by counsel for the State Bar, and is supported by our research, that this court has never entered an order of disbarment in any case where the defendant-attorney has been placed on probation, with the single exception of the order now sought to be set aside.

It has been and is the settled law of this state that a valid, final judgment of conviction of an offense involving moral turpitude is a necessary prerequisite to the entry of an order of disbarment by this court based solely on a certified copy of the judgment of conviction. It was held in *In re Riccardi,* 182 Cal. 675 [189 Pac. 694], decided in April, 1920, that this court had no authority to disbar an attorney under sections 287–299 of the Code of Civil Procedure "on the receipt of a certified copy of the record of conviction" when it appeared as a conceded fact that an appeal from the judgment of conviction was pending; that the statute meant that a final judgment of conviction was necessary as a basis for the order, and that while the appeal was pending the judgment was not final. After the decision in that case, the legislature in 1921, by an amendment of section 288, added the last sentence, to wit: "a plea or verdict of guilty is deemed to be a conviction within the meaning of this sentence", and likewise amended section 299 to provide that upon the presentation of a certified copy of the record of "conviction", as defined in section 288, the attorney must be suspended and that he must be disbarred when the "judgment" of conviction has become final. The court in the Riccardi case reviewed the prior cases over a period of some thirty-five years and refused, notwithstanding the earnest insistence of counsel for the Bar Association, to disturb the uniform rule. The amendments of 1921 served to

settle the question of legislative intent in conformity with what the court held was the proper construction of the statute.

In no case has it been held that the judgment of conviction referred to in section 6102 of the State Bar Act was final when an appeal therefrom was pending, or when the defendant had been placed on probation either by suspending the imposition or the execution of sentence. Nor has such a judgment of conviction been deemed final, although affirmed on appeal, where in subsequent proceedings the judgment was held to be void. In contemplation of the fact that a judgment of conviction, when followed by a probationary order, might be set aside by the court pursuant to section 1203.4 of the Penal Code, this court has uniformly proceeded on the theory that such a judgment is not a final judgment authorizing summary disbarment under section 6102 of the State Bar Act.

In *In re Jacobsen,* 202 Cal. 289 [260 Pac. 294], it appeared that Jacobsen, an attorney at law, had been convicted of a felony involving moral turpitude. He took no appeal. This court said that "in that regard" the judgment of conviction had become final. The clerk of the trial court transmitted to this court a certified copy of the record of conviction. But the trial court had placed Jacobsen on probation. This court did not disbar him, as counsel for the State Bar insisted should be done, but suspended him from practice until the further order of the court, plainly indicating that by reason of the provisions of section 1203 of the Penal Code as it then existed (now section 1203.4) the judgment of conviction had not become final.

In *In re Herron,* 217 Cal. 400 [19 Pac. (2d) 4], it appeared that Herron had been convicted of a misdemeanor involving moral turpitude, and had been sentenced to imprisonment in the county jail; but the trial court suspended the execution of the sentence. On presentation of the record this court issued its order directing Herron to show cause why he should not be disbarred. It was held that the order suspending the sentence was equivalent to an order of probation. This court declined to order disbarment, and discharged the order to show cause.

In *In re Hatch,* 10 Cal. (2d) 147 [73 Pac. (2d) 885], attorney Hatch was found guilty of violations of the Corporate Securities Act, and was placed on probation. A certified copy

of the record of the convictions was transmitted to this court. While the main point in the case was whether the offenses of which the attorney had been found guilty involved moral turpitude, it was not questioned that if it should be determined that they were of that character an order of disbarment would not necessarily follow.

Numerous other cases are cited by petitioner wherein orders of suspension were entered after the attorney, defendant in the criminal action, had been placed on probation. Those orders were made upon the presentation of certified copies of the records of conviction. A few of them are: Matters of suspension of C. M. Gill, Misc. 1536; J. B. Mandel, Misc. 1543; A. R. Hemm, Misc. 1546; D. F. Wisdom, Misc. 1564; J. W. Lenahan, Misc. 1599; and L. G. Stanford, Misc. 1603.

In *In re Rothrock* (14 Cal. (2d) 34 [92 Pac. (2d) 634]), it appeared that Rothrock, an attorney at law, had been charged on two counts of attempted murder and on a third count with assault with a deadly weapon. The court sitting without a jury found him guilty on all three counts. Before judgment was pronounced the court set aside the verdict. On appeal by the People the order was reversed and the cause remanded with instructions to enter judgment of conviction. (*People* v. *Rothrock*, 8 Cal. (2d) 21 [63 Pac. (2d) 807].) On appeal from the judgment so entered the judgment was affirmed. (*People* v. *Rothrock*, 21 Cal. App. (2d) 116 [68 Pac. (2d) 364].) Upon the certificate of the record of conviction an order of disbarment was entered on June 21, 1937. Notwithstanding the judgment of affirmance this court later held that said judgment was ineffective and ordered a new trial. (*In re Rothrock*, 14 Cal. (2d) 34 [92 Pac. (2d) 634].) On August 23, 1939, this court entered an order vacating and setting aside the order of disbarment on the ground that said order "lacked the necessary foundation to support it, to wit, a valid final judgment of conviction". (Minutes of this court, August 23, 1939.) The several proceedings in the Rothrock case are referred to in support of the conclusion that even an affirmance on appeal is not necessarily conclusive of the finality of a judgment of conviction. If an order of disbarment may be set aside because of a determination that no valid judgment had even been entered, it would follow, in the present matter, that the order of disbarment of petitioner should be set aside

because the judgment which was entered has been set aside under specific statutory authority, and there is now no valid or any judgment to support it.

By the main opinion this court has by implication overruled its prior decisions which are in point in the petitioner's favor, and in doing so has departed from the uniform practice and decision in this state. It has constituted the order of disbarment here involved, an arbitrary assumption of power not justified by constitutional or statutory authority. No considerations of public policy are apparent which would justify a departure from the established standards. The principles of justice would also best be served by proceeding independently of the court action on notice and an opportunity to be heard in cases where orders of probation have been made in criminal cases. Probation, as distinguished from parole, is not solely concerned with rehabilitation. It is authorized in common recognition of the fact that circumstances of mitigation may have attended the commission of the offense, which should, in the discretion of the trial court, relieve the defendant of the rigors of the punishment which would otherwise be imposed.

Furthermore, the ruling of the majority will result in a lack of uniformity in disciplinary proceedings. It will mean that in court proceedings, when the trial judge finds mitigating circumstances sufficient to place the defendant on probation and later to set aside the judgment of conviction, the defendant-attorney must nevertheless be subjected to summary disbarment, notwithstanding the Board of Governors of the State Bar might, in the presence of like mitigating circumstances, recommend only suspension, or this court on the same record refuse to enter an order of disbarment. It will also mean that the power of this court to enter an order of disbarment under section 6102 will depend on the too uncertain contingency of whether the trial court in granting probation had suspended the "imposition" or the "execution" of sentence, for in the one case no order of disbarment may properly be made, and in the other an order of disbarment would have to be made.

There are numerous instances where a member of the bar has been found guilty of an offense involving moral turpitude by the Board of Governors of the State Bar and has been recommended for suspension only. The Shafer case is

one of them. Some of the other and more recent cases are: *Methever* v. *State Bar*, 12 Cal. (2d) 230 [82 Pac. (2d) 1109], *Waterman* v. *State Bar*, 8 Cal. (2d) 17 [63 Pac. (2d) 1133], and *Jacobs* v. *State Bar*, 219 Cal. 59, 63, 64 [25 Pac. (2d) 401]. See, also, *Disbarment of Richardson*, 15 Cal. (2d) 536 [102 Pac. (2d) 1076], in which the rule in the Shafer case was approved.

There is no necessity to lay down extended rules of procedure in cases where an attorney in a criminal action has been convicted of an offense involving moral turpitude and has been placed on probation. The established practice is the certification of the record of conviction to this court, which is followed by a summary order of suspension, at least until the further order of the court. The State Bar then is authorized to proceed, as it did in the Shafer case, and without further or any delay, to initiate disciplinary proceedings independently of the court proceeding and after notice to the accused and an opportunity to be heard, to make its findings, and submit its recommendation to this court for such an order as it deems appropriate.

From the foregoing it would follow that the order of disbarment entered against the petitioner on April 5, 1938, should be set aside. And, although the State Bar has the authority to so proceed without a reference, it would be appropriate in this case to refer the matter of further disciplinary action to the Board of Governors of the State Bar for investigation and for such recommendation as it may deem proper in the premises.

Houser, J., concurred.

CARTER, J., Dissenting.—I dissent.

I am in entire accord with everything contained in the masterly dissenting opinion prepared by Mr. Justice Shenk and I unqualifiedly concur in the views expressed by him therein.

To my mind it is nothing short of paradoxical to say that an order of disbarment can be predicated upon a plea or verdict of guilty which has been vacated and set aside or upon a judgment which is no longer in existence. Such is the legal effect of the conclusion reached in the majority opinion in this case.

Section 1203.4 of the Penal Code provides:

"Every defendant who has fulfilled the conditions of his probation for the entire period thereof, or who shall have been discharged from probation prior to the termination of the period thereof, shall at any time prior to the expiration of the maximum period of punishment for the offense of which he has been convicted, dating from said discharge from probation of said termination of said period of probation, be permitted by the court to *withdraw his plea of guilty and enter a plea of not guilty; or if he has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and in either case the court shall thereupon dismiss the accusation or information against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted."*

When the foregoing provision has been complied with, the clear and unqualified legal effect is that there is no plea or verdict establishing the guilt of the defendant, and even the accusation or information upon which such plea or verdict could be predicated has been dismissed. How it is possible to predicate an order or judgment of disbarment upon such a plea or verdict is beyond my comprehension.

Not only is the legal conclusion reached by the majority opinion astounding, but its practical effect is shocking to my sense of justice. An attorney who would enter a plea of guilty of a violation of section 476a of the Penal Code for issuing a check overdrawing his bank account $1.00 and was granted probation would be automatically disbarred. Whereas, if disciplinary proceedings were instituted against said attorney before the State Bar, the discipline, if any administered to him, would probably not exceed that of a short period of suspension or reprimand. The lack of uniformity in discipline resulting from the application of the rule announced in the majority opinion is so shocking that the necessity for an immediate change in the provisions of sections 6101 and 6102 of the Business and Professions Code should appeal very forceably to the members of the legislature, to the end that disbarment thereunder be not permitted in cases where probation is granted and the conditions thereof fulfilled.