Filed 4/12/21  P. v. Behill CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE, | F079836 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. BF164627A) |
| JESSE BRYAN BEHILL, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

APPEAL from the judgment of the Superior Court of Kern County.  John D. Oglesby, Judge.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Christina Hitomi Simpson, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

**SEE CONCURRING OPINION**

This is defendant Jesse Bryan Behill's second appeal from a judgment. In his first appeal, we held he was entitled on remand to a hearing for the limited purpose of allowing the trial court to exercise its discretion to strike firearm enhancements pursuant to recently enacted Senate Bill No. 620 (Senate Bill 620), effective January 1, 2018. (*People v. Behill* (Sept. 5, 2018, F074635) [nonpub. opn.].) Defendant now appeals from that hearing and argues the matter must be remanded again, this time to allow the trial court to strike his one-year prior prison term enhancement pursuant to Senate Bill No. 136 (Senate Bill 136), which became effective on January 1, 2020, during the present appeal The People contend defendant is not entitled to the benefit of Senate Bill 136 because the judgment of his conviction was final in 2018, before Senate Bill 136 took effect. We agree with defendant that his judgment of conviction is not final because of this pending appeal and strike the prior prison term enhancement. We direct the trial court to prepare an amended abstract of judgment. As modified, we affirm.

## PROCEDURAL SUMMARY

Defendant was convicted by a Kern County jury of attempted voluntary manslaughter (Pen. Code, §§ 192, 664; count 1)[1], discharging a firearm at an inhabited dwelling (§ 246; count 2), two counts of possession of a firearm by a felon (§ 29800, subd. (a)(1); counts 3 & 4), and receiving a stolen firearm (§ 496, subd. (a); count 5). As to counts 1 through 3, the jury found that defendant personally discharged a firearm. The court found true the allegation that defendant served a prior prison term for grand theft (§ 487, subd. (c)).

On November 3, 2016, the trial court sentenced defendant to 17 years two months in prison as follows: on count 1, five years six months (the upper term), plus a 10-year firearm enhancement (§ 12022.5, subd. (a)), plus a one-year prior prison term

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

2.

enhancement (§ 667.5, subd. (b)); and on count 4, eight months (one-third of the middle term). The court also imposed then stayed pursuant to section 654 sentences on counts 2, 3 and 5 as follows: on count 2, seven years; on count 3, three years, plus a 10-year firearm enhancement (§ 12022.5, subd. (a)); and on count 5, three years.

On September 5, 2018, this court affirmed defendant's sentence and conviction in our case No. F074635, but remanded for the limited purpose of allowing the trial court to exercise its discretion to strike the firearm enhancements pursuant to the recently enacted Senate Bill 620, which became effective on January 1, 2018.[2] (2017–2018 Reg. Sess.; Stats. 2017, ch. 682, §§ 1, 2.) Remittitur issued on December 13, 2018.

On remand, the trial court declined to strike the firearm enhancements on August 21, 2019.

On August 22, 2019, defendant filed a notice of appeal.

## DISCUSSION[3]

In this appeal, defendant argues his prior prison term enhancement must be stricken based on the retroactive application of Senate Bill 136 to his non-final case.[4] The People agree that, pursuant to *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*), Senate Bill 136 is retroactive to cases not yet final on the effective date of Senate Bill 136— January 1, 2020. Further, the People do not dispute that defendant's one-year section

---

[2]    Section 12022.5, subdivision (c), was modified to read: "The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section."

[3]    Because defendant raises only sentencing issues, the facts underlying the offenses are not relevant and are omitted from this opinion.

[4]    Although defendant's notice of appeal challenged only the trial court's denial of his motion to strike the firearm enhancements, the sole issue argued by defendant in this appeal is whether the matter should be remanded again to have the trial court strike the prior prison term enhancement. Defendant's abandonment of his challenge to the trial court's denial of his motion to strike the firearm enhancements is not relevant to the pending issues, since the case is currently on appeal and, as we conclude, not yet final.

667.5, subdivision (b) prior prison term enhancement was imposed for a term served for a conviction of grand theft, which is not a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b). The sole issue argued on appeal is whether defendant's 2018 judgment was final on the effective date of Senate Bill 136. The People contend, based on our opinion in *People v. Hargis* (2019) 33 Cal.App.5th 199, 205 (*Hargis*), that because we remanded only for the limited purpose of the court exercising its discretion to strike the firearm enhancements, but otherwise affirmed, defendant's "prison priors [became] final for purposes of *Estrada*" when remittitur issued on December 13, 2018. We agree with defendant that his judgment is not final while this appeal is pending.

Effective January 1, 2020, Senate Bill 136 amended section 667.5, subdivision (b) to limit application of prior prison term enhancements to only prior prison terms that were served for sexually violent offenses as defined by Welfare and Institutions Code section 6600, subdivision (b). (§ 667.5, subd. (b); Stats. 2019, ch. 590, § 1.) That amendment applies retroactively to all judgments not yet final on Senate Bill 136's effective date. (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341–342, citing *Estrada*, *supra*, 63 Cal.2d at p. 742; see *People v. Buycks* (2018) 5 Cal.5th 857, 881 [Absent evidence to the contrary, we presume " 'a legislative body ordinarily intends for ameliorative changes to the criminal law to extend as broadly as possible, distinguishing only as necessary between sentences that are final and sentences that are not.' "].)

"In criminal actions, the terms 'judgment' and ' "sentence" ' are generally considered 'synonymous' [citation], and there is no 'judgment of conviction' without a sentence." (*People v. McKenzie* (2020) 9 Cal.5th 40, 46.) A judgment of conviction is not yet final for purposes of *Estrada* " 'until the time for petitioning for a writ of certiorari in the United States Supreme Court has passed.' " (*People v. Vieira* (2005) 35 Cal.4th 264, 306; *People v. Smith* (2015) 234 Cal.App.4th 1460, 1465.)

In *Hargis*, this court initially affirmed the judgment of conviction in its entirety. (*Hargis*, *supra*, 33 Cal.App.5th at p. 202.) The California Supreme Court granted review and remanded the case back to this court with direction to vacate our decision and reconsider the case in light of *People v. Franklin* (2016) 63 Cal.4th 261. (*Hargis, supra,* at p. 202.) On October 31, 2016, in response to the directions on remand, this court filed a second opinion "affirm[ing] the judgment—expressly including the sentence—but remand[ing] the matter to the trial court [on the *Franklin* issue] for a determination whether defendant was afforded sufficient opportunity to make a record of information relevant to his eventual youth offender parole hearing and, if not, to afford him that opportunity." (*Ibid*.)

On November 8, 2016, Proposition 57 passed, modifying the law regarding initiation of criminal proceedings against juvenile offenders. (*Hargis, supra,* 33 Cal.App.5th at pp. 202–203.) On January 3, 2017, the remittitur issued with respect to our second opinion on the *Franklin* issue. (*Hargis, supra,* at p. 203.) Before the hearing on the remitted *Franklin* issue, the defendant filed a motion to remand the case to the juvenile court pursuant to Proposition 57 seeking a fitness/transfer hearing pursuant to *Estrada*. (*Hargis, supra,* at p. 203.) On May 22, 2017, the trial court denied the motion, stating that it had no jurisdiction. (*Ibid*.) On June 21, 2017, the trial court held the hearing on the remitted *Franklin* issue, permitting the defendant to make a record for his eventual youth offender parole hearing. (*Hargis, supra,* at p. 203.) The defendant then filed another timely notice of appeal on July 31, 2017 on the Proposition 57 issue. (*Ibid*.) While that appeal was pending, Senate Bill 620 was enacted on January 1, 2018, granting trial courts the discretion to dismiss firearm enhancements in the interest of justice. (*Ibid*.)

On appeal, the defendant sought the benefit of Senate Bill 620.[5]  We determined defendant was not entitled to the benefit of Senate Bill 620 because his "case had been final for some time when the amendment went into effect."  (*Hargis*, *supra*, 33 Cal.App.5th at p. 209.)  We explained that the opinion on defendant's first appeal "expressly affirmed his sentence" and the limited remittitur on the *Franklin* question issued on January 3, 2017.  (*Hargis*, *supra,* at p. 209.)

The *Hargis* court noted the remittitur date because that date fell after the defendant could no longer petition for review to the California Supreme Court.  (*Hargis*, *supra*, 33 Cal.App.5th at p. 209.)  Because that opinion affirmed the defendant's conviction and sentence, his judgment of conviction was final for purposes *Estrada* retroactivity on the date the remittitur issued.  (*Ibid*.)

*Hargis,* however, is inapplicable here.  In *Hargis*, this court affirmed the judgment of conviction and sentence in its entirety and remanded for a collateral proceeding that did not affect the judgment.  Here, in contrast, the judgment was affirmed, but was remanded for further proceedings as to the sentence—specifically to allow the trial court to exercise its discretion whether to strike the firearm enhancements.  The trial court then denied defendant's request to strike his firearm enhancements.  Defendant appealed from that sentencing decision.  That appeal renders his sentence not yet final and so he is entitled to the ameliorative benefit of the change in law caused by Senate Bill No. 136.  (*Lopez, supra*, 42 Cal.App.5th at pp. 341–342.)  We will therefore strike defendant's prior prison term enhancement imposed under former section 667.5 subdivision (b).  Where a trial court imposed the maximum possible sentence, as it did

---

[5]     In *Hargis*, we held that the trial court, under the circumstances of that case, did have the power on remand to consider the effect of the enactment of Proposition 57, which had become effective before defendant's convictions were final.  (*Hargis, supra,* 33 Cal.App.5th at p. 207.)

here, remand for the court to consider alternative sentencing options is unnecessary. (*Id.* at p. 342.)

## DISPOSITION

Defendant's prior prison term enhancement (§ 667.5, subd. (b)) is stricken. The trial court is directed to prepare an amended abstract of judgment and forward a copy to the appropriate entities. As so modified, the judgment is affirmed.

FRANSON, J.

WE CONCUR:

POOCHIGIAN, Acting P.J.

DETJEN, J.

7.

POOCHIGIAN, Acting P.J., Concurring.

I concur in the majority opinion, which I have signed, because I believe it is required by the prevailing case law. I write separately to emphasize the importance of the Legislature addressing retroactivity expressly in its ameliorative statutes.

*Senate Bill No. 136 Applies Retroactively to Behill*

*In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*) held that "[i]f [an] amendatory statute lessening punishment becomes effective *prior to the date the judgment of conviction becomes final* then … it, and not the old statute in effect when the prohibited act was committed, applies." (*Id*. at p. 744, italics added.) And there is no " 'judgment of conviction' " for *Estrada* purposes without a final sentence. (*People v. McKenzie* (2020) 9 Cal.5th 40, 46, citing *In re Phillips* (1941) 17 Cal.2d 55, 58.)

"A sentence becomes final 'when all available means to avoid its effect have been exhausted.' [Citation.]" (*People v. Martinez* (2020) 54 Cal.App.5th 885, 891, rev. granted Nov. 10, 2020, S264848.) "It has not become final 'if there still remains some legal means of setting it aside' on direct appeal. [Citation.]" (*Ibid*.)

Because of the prior remand on the Senate Bill No. 620 (2017–2018 Reg. Sess.) issue, Behill's sentence was not final on the effective date of Senate Bill No. 136 (2019–2020 Reg. Sess.): January 1, 2020. Therefore, Senate Bill No. 136 applies retroactively to Behill pursuant to *Estrada*. For that reason, I concur in the majority opinion.

*Additional Considerations*

I write separately to note that the cause of judicial economy and reliability would be well-served by the Legislature expressly addressing the issue of retroactivity when ameliorative criminal legislation is passed. A clear expression of legislative intent is preferable because it promotes "certainty, predictability and stability in the law [which] are the major objectives of the legal system …." (*People v. Cuevas* (1995) 12 Cal.4th 252, 269.)

Absent an express statutory clarification regarding retroactivity, the default rule of *Estrada* often applies. That circumstance is not ideal. *Estrada* fixes the relevant date for retroactivity purposes as the date a judgment becomes final, rather than the date the crime was committed or the date the defendant was convicted. This can lead to arbitrarily disparate outcomes for similarly situated defendants. Consider two separate defendants who commit similar crimes in the same week. For whatever reasons, one defendant's case proceeds to trial and appellate review in 18 months, while the other defendant's case takes 3 years to do the same. The latter defendant has an arbitrarily longer window during which to obtain the retroactive benefits of subsequently passed legislation. This could mean years or even decades of difference in terms of imprisonment for reasons unrelated to penological considerations.

Or consider two codefendants tried together, who both have their convictions affirmed on appeal. However, due to a unique enhancement-related sentencing issue pertaining to only one defendant, his or her case is remanded for resentencing. The latter defendant may be able to vacate the affirmed conviction under a subsequently enacted ameliorative criminal statute. Yet the former defendant, who committed the same crime and was convicted at the same time, gets no such benefit because his or her judgment has become final.

Additionally, given the regular enactment of ameliorative criminal statutes over recent years, appellate courts have been remanding many cases for trial courts to exercise newfound sentencing discretion. This delays finality such that when the defendant appeals from the remand proceedings, there is often a new ameliorative criminal statute on the books. This daisy-chain effect can leave judgments in "non-final" status far beyond the norm. This creates opportunities for gamesmanship, by "encouraging appeals and delays not related to guilt or innocence … employed solely to keep open the

2.

possibility of subsequent windfalls ….” (*Estrada*, *supra*, 63 Cal.2d at p. 753 (dis. opn. of Burke, J.).)

With these observations, I concur in the majority opinion, despite the reservations expressed above, because it is consistent with current case law.


POOCHIGIAN, Acting P.J.